In the Matter of the Claim of HELEN KURASH, on Behalf of Herself and Minor Children, Respondent, *v.* FRANKLIN STORES CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, March 6, 1961.

*S. Chandler Fraser* and *John F. McDonough* for appellants.

*Louis J. Lefkowitz, Attorney-General* (*Harry Rackow* and *Roy Wiedersum* on the brief), for Workmen's Compensation Board, respondent.

*William Doblin* for claimant-respondent.

BERGAN, P. J. Claimant's husband was employed as a dress packer in a buying office. On June 7, 1956 he fell on the employer's premises. There is adequate evidence from which it could be found that as a result of the fall he sustained a fracture of the skull. He died the following day in a hospital. The cause of death was a subarachnoid hemorrhage and fracture of the skull.

Although there is some evidence to suggest that as he fell he struck his arm against a wire fence and sustained an abrasion and one medical witness felt he had struck his head against the fence, the evidence in this respect does not seem substantial enough alone to warrant a finding the fracture was due to the special conditions of the work environment and thus bring the case within *Matter of Stern* v. *Electrol, Inc.* (4 A D 2d 110, motion for leave to appeal denied 3 N Y 2d 707) and other similar cases.

There is medical opinion in the record that the decedent sustained a " spontaneous subarachnoid hemorrhage " and that his fall and resulting fracture were due to this cause. There is other medical proof which the board accepted as reliable to the effect that the fracture was " moderately severe " and constituted " considerable distortion of the skull " and that such a fracture as this would be sufficient itself to have caused the subarachnoid hemorrhage.

Quite different legal consequences would result if, on one hand, the hemorrhage caused the fall and the fracture which resulted from the fall, and on the other, if the fall and the fracture caused the subarachnoid hemorrhage. If the subarachnoid hemorrhage caused the fall the case would fall within

*Matter of McCormack* v. *National City Bank* (303 N. Y. 5); and perhaps more closely within *Matter of Dillon* v. *Le Roy Machine Co.* (7 A D 2d 767); see, also, *Matter of Bonomi* v. *Poirier & McLane Corp.* (1 A D 2d 302) and *Matter of Dasaro* v. *Ford Motor Co.* (280 App. Div. 266).

The main problem in the case is whether the presumption that the fall was accidental within section 21 of the Workmen's Compensation Law, has been answered by ''substantial evidence to the contrary'' in the expression of medical opinion in this record. Without this opinion evidence there would be no legal difficulty in this case in resting on the presumption. Decision in many cases suggest that the presumption would be operative. (*Matter of Hoffman* v. *New York Cent. R. R. Co.,* 290 N. Y. 277; *Matter of Rice* v. *Hamilton Hardware, Inc.,* 284 App. Div. 1074; *Matter of Heck* v. *Hilton Hotels Corp.,* 12 A D 2d 672.)

The presumption has been held to be overcome when there is clear medical proof that the cause of death was an internal medical event occurring before the fall and the fall itself could have played little part in the death. *McCormack* is such a case as this as well as *Dillon.* In *McCormack* there was a ruptured aneurysm; no indication of any violent injury to the head and the medical expression of a mere possibility that the rupture might have been caused by a blow; and in *Dillon* the court was of opinion that the decedent ''suffered a stroke while standing on the ground and fell to the ground fracturing his skull'' (p. 768).

But where there seems a reasonable basis for a difference in medical opinion on the cause of death, i.e., whether due to the violence of a fall not demonstrated to be due to internal causes; or whether due to internal causes with a resulting violence, there has been a tendency to sustain the presumption invoked by the board where the medical record would be open to a finding either way.

The decision in *Matter of Sleator* v. *National City Bank* (285 App. Div. 393) is a fairly good illustration of this. There was clear and unequivocal medical opinion supported by autopsy findings that decedent died of a ventricular fibrillation of the heart; but the majority of the court nevertheless, in an opinion by FOSTER, P. J., supported the application of the presumption that the fall was accidental and that the relatively minor traumatic injury shown in that case had contributed to decedent's death. In some interesting aspects, the case now before us is similar to *Matter of Moraes* v. *National Biscuit Co.* (2 A D 2d 619, motion for leave to appeal denied 2 N Y 2d 705).

Here we have a medical record which is sufficient to re-enforce the presumption of accident; and the board was not bound to hold that the medical opinion the other way must be treated as "substantial evidence to the contrary" in the sense that the presumption must as a matter of law be deemed destroyed.

No doctor in this case was able to say certainly that the subarachnoid hemorrhage began before decedent fell. The fall was itself violent and caused a fracture of considerable magnitude; and the medical opinion that either the blow which could produce such a fracture or the fracture could cause the subarachnoid hemorrhage presented an open question of fact which in our view permitted the application of the presumption.

The award should be affirmed, with costs to the Workmen's Compensation Board.

COON, GIBSON, HERLIHY and REYNOLDS, JJ., concur.

Award unanimously affirmed, with costs to the Workmen's Compensation Board.