■ In the Matter of the Claim of MAX E. FRIEDWALD, Appellant, v. NEW YORK STATE INSURANCE DEPARTMENT et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by claimant from a decision of the Workmen's Compensation Board denying an award on the grounds that the injury suffered by claimant while taking a shower did not arise out of and in the course of his employment. On February 15, 1960 claimant, an insurance

examiner employed by the Insurance Department of the State of New York, was sent to home, N. Y., on departmental business. He arrived in Rome at about 6:30 P. M., checked into a hotel and went out for dinner and a walk. At about 10:00 P.M., he returned to his room to prepare certain memoranda for the following day. Claimant related that in preparing this work his hands and face became smudged from the carbon paper he was using (while arguing his own case before the board, the smudging was limited by claimant to his hands only) and that in order to remove the smudging he decided to take a shower before going to bed rather than in the morning as was his usual custom. While showering he slipped and fell hitting his head against the apron of the tub. At the board hearing claimant was asked why he had taken a shower rather than just wash his hands and he replied, " It was just a feeling, just to take a shower." It is well settled that where an employee is sent away from home on his employer's business he " may indulge in any *reasonable* activity at that place, and if he does so the risk inherent in such activity is an incident of his employment." (*Davis* v. *Newsweek Mag.*, 305 N. Y. 20, 28.) Injuries arising from purely personal activities not related to employment, however, are not compensable (e.g., *Davis* v. *Newsweek Mag.*, supra, p. 26). In a number of cases factually analagous to the instant case determinations by the board that taking a bath was a purely personal act and not a requisite of employment have been upheld (*Matter of Davidson* v. *Pansy Waist Co.*, 240 N. Y. 584; *Matter of Orpin* v. *Brother & Co.*, 15 A D 2d 282; *Matter of Seaman* v. *Hewlett Fire Dept.*, 8 A D 2d 573). Claimant's position is that the above-cited cases are not here applicable since the shower was made necessary because he had become dirty through the use of carbon paper in connection with his employment citing *Matter of Miller* v. *Bartlett Tree Expert Co.* (3 A D 2d 777, affd. 3 N Y 2d 654). We find *Miller* factually distinguishable from the instant case. In *Miller* the taking of a bath was found related to claimant's employment because of the special facts presented therein, viz., that claimant was required to attend a tree surgery conference after spending the afternoon during hot weather examining moss and wood, clumps of earth for worms and insects and digging soil, as a result of which he became " pretty grubby". Here, despite the fact that claimant's hands and possibly his face became smudged in the course of his employment, the board could properly find, as a fact, that the shower in question was a personal pursuit. Decision affirmed, without costs. Herlihy, Reynolds and Taylor, JJ., concur; Bergan, P. J. and Gibson, J., concurring: Although we differed in principle with the result in *Matter of Orpin* v. *Brother & Co.* (15 A D 2d 282) we feel bound by that decision and vote to affirm.