■ In the Matter of the Claim of DOMINICK MICELI, Respondent, v. TRACY-SMITH CO., INC., et al., Appellants, and CENTRAL RIGGING AND CONTRACTING CORP. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appellant employer, Tracy-Smith Co., Inc., and its carrier contend that claimant was not an employee of Tracy-Smith but was that of respondent employer, Central Rigging and Contracting Corporation, or that at most Tracy-Smith was a special employer and Central Rigging the general employer. In its work of installing and servicing printing presses, Tracy-Smith required riggers but could not hire them because it had no contract with their union and in consequence

made an arrangement with Central Rigging, which had such a contract, Central Rigging carrying claimant on its payroll and Tracy-Smith paying to Central Rigging claimant's salary plus 24% for insurance, union dues and like costs. Claimant was originally hired by Tracy-Smith's predecessor firm and was continued in employment by Tracy-Smith until the arrangement with Central Rigging was made but thereafter, as theretofore, worked solely under Tracy-Smith's direction, side by side with Tracy-Smith's mechanics, and was so working when the accident occurred. Tracy-Smith's plant superintendent testified that claimant reported to the plant daily and was under his direction and control at all times and that Central Rigging had nothing to do with claimant except, as "a favor" to Tracy-Smith, to pay him and obtain reimbursement of the amount of the wages and other costs. Central Rigging's representative said that his company had no control or right of direction of claimant and that the arrangement was "strictly an accommodation" to Tracy-Smith. That claimant was in Tracy-Smith's employ is too clear to require discussion. Were there conflicting inferences far sharper than here, the board's determination would still prevail. (*Matter of Gordon* v. *New York Life Ins. Co.*, 300 N. Y. 652.) Assuming, however doubtful it may be, that the board could also have found an additional employee-employer relationship between claimant and Central Rigging, despite the facts that the latter did not hire claimant and had no control over him, it was not bound to do so. (*Matter of Cook* v. *Buffalo Gen. Hosp.*, 308 N. Y. 480, 483–484; *Matter of Goodman* v. *Stone & Webster Eng. Corp.*, 11 A D 2d 558, 559.) Decision and award unanimously affirmed, with costs to respondents employer and carrier. Present — Bergan, P. J., Coon, Gibson, Reynolds and Taylor, JJ.