In the Matter of the Claim of George S. Covel, Appellant, v. New York State Court of Claims et al., Respondents. Workmen's Compensation Board, Respondent.— Gibson, P. J. Appeal from a decision disallowing a claim. Claimant, a court stenographer and Deputy Clerk of the Court of

Claims, while away from home for the duration of a court session at Watertown and staying at a motel there, was injured when, on stepping from a tub shower to a mat on the bathroom floor, he slipped and fell when the mat moved beneath his foot. The board disallowed the claim on the ground that "the claimant's injury was the result of a personal act". Claimant testified that on the day of the accident he arose between 7:00 and 7:30 A.M. and, before dressing, and in preparation for the court day, made some necessary adjustments to his stenotype machine in the course of which he changed and inked the ribbon, getting ink on his hands and arms and "probably" on his face and body. To remove the ink he took the shower that led to his accidental injury. Appellant stresses the necessity of personal cleanliness and a neat appearance on the part of one holding a court position and urges this as constituting an additional ground for his contention that the shower and the resultant accident were work-connected and compensable. Upon facts somewhat less favorable to the claimant than these, we affirmed a board finding "that the taking of a bath was purely a personal act, which bore no relationship to decedent's employment as a musician and was not caused by reason of his being at the hotel." (*Matter of Orpin v. Brother & Co.*, 15 A D 2d 282, 284, affd. 12 N Y 2d 749.) Subsequently, in a factual situation not materially different from that which now confronts us, we held that "despite the fact that claimant's hands and possibly his face became smudged in the course of his employment, the board could properly find, as a fact, that the shower in question was a personal pursuit." (*Matter of Friedwald v. New York Sate Ins. Dept.*, 17 A D 2d 670, 671; and see *Matter of Kaplan v. Zodiac Watch Co.*, 20 N Y 2d 537.) These precedents seem to us to require affirmance. Decision affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gibson, P. J.