■ In the Matter of the Claim of MARY STONE, Respondent, v. N. Y. ARTIFICIAL BREEDERS' CO-OP, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal from a decision which awarded death benefits upon finding that decedent, an artificial insemination technician, while standing by the head of a cow, attempting to obtain her eartag number, was struck in the chest when the cow threw her head, causing decedent "to suffer a chest injury * * * which in turn caused the rupture of an atheromatous plaque and the formation of a coronary thrombus which resulted in death" four days later. Appellants dispute the finding of a chest injury and, more particularly, the board's finding that "it is a logical and reasonable inference that the cow struck claimant [sic] in the chest". Contrary to appellants' contention, we find the inference completely reasonable and well grounded. The witness Ruhlen did not see the accident but saw decedent at the cow's head, attempting to read her eartag, heard a disturbance and looked and saw decedent, some six feet in front of the cow, picking himself up from the concrete floor, where, it would appear, the subsequently diagnosed back injury occurred. The inferred chest injury is further corroborated by decedent's statements to his wife and to Ruhlen; by his complaints to a physician, including that of pain in the left side of his chest; and, importantly, Dr. Bauer's analysis of the pathologist's description of a red-gray thrombus as indicating "a recent clot" and his conclusion from the pathologist's description of a red-gray thrombus superimposed upon a rupture of an atheromatous plaque that the rupture and the thrombus were "of several days duration, or corresponding back to June 14th, the day of the work accident". Indeed, the inference which the board found has some support in the testimony of appellants' consultant that the thrombus could have been from four days to two weeks old and that the condition could be traumatically induced by "a direct blow at the level of that coronary artery". The fact that much of the evidence supporting the board's decision is circumstantial makes that decision no less sound. (See *People* v. *Wachowicz*, 22 N Y 2d 369.) The board's finding of a chest injury having been fully warranted, it follows that the medical evidence, some of which has been quoted, adequately supports the finding of causal relationship. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Aulisi and Greenblott, JJ., concur in memorandum by Gibson, P. J.