In the Matter of the Claim of KATHLEEN FOX, Respondent, v. UNITED BROTHERHOOD OF CARPENTERS & JOINERS OF AMERICA, LOCAL NO. 606, et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent. — REYNOLDS, J. Appeal by the employer and its compensation insurance carrier from a decision of the Workmen's Compensation Board awarding death benefits on a finding that decedent's death arose out of and in the course of his employment. Decedent, business agent of appellant union, died after sustaining a severe beating near his home on the night of October 12, 1966. The board has found that death arose out of or in the course of decedent's employment and substantial evidence exists in the record upon which to predicate this finding. The litigants assume that the crucial and determinative issue is the identity of decedent's assailant and in particular whether the assailant was one William Colleran, whose actions were allegedly motivated by decedent's action in blocking an appointment in the union hierarchy for Colleran's uncle. In our opinion the exact identity of the particular assailant is in fact irrelevant since the board could, on the instant record, properly conclude without resolving this issue that the assault was work-related. Union officials testified directly that there was considerable tension within the union, and decedent's wife testified as to the threatening phone calls which she received about the time that tension had begun to intensify. This evidence alone is clearly adequate to indicate that ill-feelings existed within the union. Given this fact, it was not improper for the board to infer that the assault arose as a result of decedent's work. A finding supported by an inference from the facts is supported by substantial evidence (*Matter of Ernest v. Boggs Lake Estates*, 12 N Y 2d 414). Moreover, in addition to the direct evidence given concerning the condition of the union's affairs, there was testimony by police officers to the effect that Colleran had admitted attacking the decedent because the latter was unwilling to give Colleran's uncle a job as assistant business agent. Even assuming this evidence may not have been sufficient to identify Colleran as the assailant, it was certainly proper to permit it for purposes of establishing that the assault arose out of or in the course of decendent's employment since as noted the evidence was accompanied by other direct and formally " legal " evidence to this effect. Appellants' contention that the board was estopped from asserting that Colleran assaulted the decedent because he was " acquitted " of the charge is clearly without merit. First, the issue was not raised by either party nor considered by the board and, therefore, it may not now be raised for the first time here on appeal (e.g., *Matter of Hedlund v. United Exposition Decorating Co.*, 15 A D 2d 973, mot for lv. to app. den. 11 N Y 2d 646). But even if the issue were properly before us, the principles of collateral estoppel did not bar the board's inquiring into the identity of the assailant. Collateral estoppel may not be asserted against the claimant who was not a party or privy to the first action. Furthermore, the burden of proof in a criminal action is more stringent than in any civil action, since it requires that the defendant be shown beyond a reasonable doubt to have committed the assault, whereas all the claimant need show is that a preponderance of the evidence indicates that Colleran committed the assault. In fact, it is well settled that a judgment of acquittal in a criminal prosecution is not even admissible to show innocence in a civil action (*Massey v. Meurer*, 25 A D 2d 729). Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Reynolds, Greenblott and Cooke, JJ., concur in memorandum by Reynolds, J.