466 P.2d 439 (1970)
ACOUSTIC, INSULATION & DRYWALL INC., and First Insurance Co., of Hawaii, Ltd., Appellants-Appellees,
v.
LABOR AND INDUSTRIAL RELATIONS APPEAL BOARD, State of Hawaii, and Dependents of William E. Bailey, Deceased, Appellees-Appellants.
No. 4695.
Supreme Court of Hawaii.
March 11, 1970.
*440 Donald A. Beck, Honolulu (Cades, Schutte, Fleming & Wright, Honolulu, of counsel), for the petition.
Before RICHARDSON, C.J., MARUMOTO and ABE, JJ., OGATA, Circuit Judge, for LEVINSON, J., disqualified, and WONG, Circuit Judge, for KOBAYASHI, J., disqualified.
PER CURIAM.
The petition for rehearing is denied. Employer urges three grounds for rehearing: first, that the giving of instruction No. 5 requested by it, and the refusal to give instructions Nos. 2 and 5 requested by claimants were harmless because the special verdicts were not binding on the court, being verdicts rendered by an advisory jury; second, that claimants waived their right to a jury trial of critical issues of fact by failing to demand their submission to the jury, and were bound by the court's findings on those issues; and, third, that the presumption of work covered injury does not shift the burden of persuasion from a claimant to his employer but only imposes upon the employer the burden of rebutting it with substantial evidence to the contrary, defined as more than a mere scintilla but less than a preponderance of evidence
On the first ground, employer confuses a jury empaneled to render special verdicts with an advisory jury. The jury here was not an advisory jury. Under H.R.C.P. Rule 39(c), an advisory jury is one which is empaneled in an action which is not triable of right by a jury. Here, under HRS § 386-88, the action was triable of right by a jury empaneled to answer any fact questions stated by the court, provided a demand for such jury was made in the manner and within the time specified in the civil rules. Claimant made the necessary demand. Under HRS § 635-19, and H.R.C.P. Rules 49(a) and 58, special verdicts by a jury empaneled to render such verdicts are binding on the court. 2B Barron and Holtzoff, Federal Practice and Procedure, § 1057 (1961); 6A Moore's Federal Practice, § 58.04[3] (1966).
We see no merit in the second ground. Employer says that claimant failed to ask three critical questions: first, whether employer failed to introduce substantial evidence to the contrary; second, whether coronary insufficiency was the cause or a contributing cause of Bailey's death; and, third, what was the cause of Bailey's death. The jury was asked whether Bailey's physical exertions while at work accelerated his death; whether such exertions caused his death; and whether such exertions combined with his preexisting coronary conditions accelerated his death. Any of these questions, if answered yes, would have meant verdict for claimant. The determinative issue in this case was whether Bailey's death was work related. The questions propounded to the jury covered that issue.
With respect to the third ground, the history of legislative actions on workmen's compensation law, as reviewed in our opinion in this case, shows that it was the understanding of the legislature that the presumption in HRS § 386-85 related not only to the burden of going forward with evidence but also to the burden of persuasion. This certainly is clear with respect to §§ 386-85(3) and 386-85(4) relating to intoxication and *441 wilful intention to injure.
Employer says that if § 386-85 imposed the burden of persuasion requirement, it should apply only to intoxication and wilful intention to injure and not to covered work injury under § 386-85(1). The scope of the presumption must be the same with respect to all subsections of § 386-85. If the burden of persuasion is with employer with respect to intoxication and wilful intention to injure, the same is true with respect to covered work injury.
Employer also says the "substantial evidence to the contrary" in HRS § 386-85 means "more than a mere scintilla but less than a preponderance of evidence" or evidence which "falls anywhere between the goal line and the 50 yard line of a football field," as contrasted to preponderance of evidence which falls "beyond the midfield line." Federal and state decisions construing the identical language in federal and state compensation statutes hold that the presumption is sustained where the evidence is open to a finding either way. The result is the same whether the language employed is "shift of burden of persuasion" or "presumption is sustained where the evidence is open to a finding either way."
The latest federal decision on the subject is Wheatley v. Adler, 132 U.S.App.D.C. 177, 407 F.2d 307 (1968), a case cited by employer, where the court stated:
"There is an express statutory presumption that the `claim comes within the provisions of this chapter,' a presumption of compensability grounded in the `humanitarian nature' of the Act. Moreover, and this is significant in the present case, the fact that an injury or death occurs `in the course of employment strengthens the presumption that it arises out of the employment, with doubts resolved in the claimant's favor,'"
citing Vendemia v. Cristaldi, 95 U.S.App. D.C. 230, 221 F.2d 103, 105 (1955). Similar holding appears in Hartford Accident & Indemnity Co. v. Cardillo, 72 App.D.C. 52, 112 F.2d 11, 13 (1940), cert. denied 310 U.S. 649, 60 S.Ct. 1100, 84 L.Ed. 1415 (1940). All of these cases were decided after Del Vecchio v. Bowers, 296 U.S. 280, 56 S.Ct. 190, 80 L.Ed. 229 (1935), cited by employer.
The New York statutory presumption is construed in a similar manner. In Kurash v. Franklin Stores Corporation, 12 A.D.2d 368, 211 N.Y.S.2d 838, lv. to app. den. 9 N.Y.2d 612, 215 N.Y.S.2d 1026, 174 N.E.2d 925 (1961), the court stated that "where there seems a reasonable basis for a difference in medical opinion on the cause of death, * * * there has been a tendency to sustain the presumption * * * where the medical record would be open to a finding either way," and held: "Here we have a medical record which is sufficient to reenforce the presumption of accident; and the Board was not bound to hold that the medical opinion the other way must be treated as `substantial evidence to the contrary' in the sense that the presumption must as a matter of law be deemed destroyed." Kurash is followed in Weisel v. National Transportation Co., 14 A.D.2d 621, 218 N.Y.S.2d 725, lv. to app. den. 10 N.Y.2d 707, 221 N.Y.S.2d 1028, 178 N.E.2d 192 (1961).