In the Matter of the Claim of GEORGE CARPENTER, Respondent, v. TOWN OF NEW CASTLE et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, July 8, 1970.

*Herbert Lasky* (*Joseph F. Manes* of counsel), for appellants.

*Stowell & Taylor* (*Ralph S. Stowell* of counsel), for claimant-respondent.

*Louis J. Lefkowitz, Attorney-General* (*Jorge L. Gomez* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

HERLIHY, P. J. This is an appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed August 13, 1969, which awarded benefits to the claimant.

The record establishes that the employer through its Superintendent of Recreation organized and sponsored a softball league for the purpose of providing recreational " activities for the men of the Town of New Castle, all men that work within the Town

of New Castle ''. Among other teams in this league, there was one known as the '' Defenders '' and it was the policy that the town firemen and policemen played on that team. The claimant was a town policeman and while playing with the team known as the '' Defenders '' on town premises, he broke his left leg. The claimant was off duty at the time of the subject activity.

The issue here is whether or not the record contains substantial evidence of employer-employee relationship as to the claimant's participation in this recreational activity to find that the accident occurred in the course of the employment. (See *Matter of Wilson* v. *General Motors Corp.*, 298 N. Y. 468; *Matter of Tedesco* v. *General Elec. Co.*, 305 N. Y. 544; *Matter of Gore* v. *New York Air Brake Co.*, 33 A D 2d 851.)

In *Matter of Tedesco* v. *General Elec. Co.* (*supra*) the Court of Appeals set forth some five significant factors which are indications of employment relationship as to recreational activities. It has been held that these factors need not *all* be present (*Matter of Gore* v. *New York Air Brake Co., supra*; *Matter of Sillitto* v. *Meyer Mem. Hosp.*, 29 A D 2d 822, mot. for lv. to app. den. 21 N Y 2d 646).

To say that not all of the factors of *Tedesco* need be present does not mean that if any are present an award will be upheld. (See *Matter of Koperda* v. *Waterbury & Sons Co.*, 27 A D 2d 968.) If there is no employer-employee relationship involved in the recreational activity, there can be no finding that the activity was within the employment (*Matter of Gillard* v. *North Syracuse Cent. School*, 28 A D 2d 1022).

The present record establishes that there was no employer-employee relationship involved in the recreational activity. The claimant testified that his participation was limited to off-duty times and the employer's Superintendent of Recreation testified that the league was for the benefit of all of the citizens of New Castle. The claimant did not show any facts which would indicate that his superiors encouraged participation in this activity or considered it an adjunct of his employment. The mere publication of a notice on the police bulletin board can hardly be considered as encouragement to participate in the activity. *Matter of Sillitto* v. *Meyer Mem. Hosp.* (*supra*) is superficially similar to the present case in that: the employer sponsored the entire league; the employer supplied necessary equipment and umpires; the employer supplied the playing field; the employer organized the league including scheduling of the games; and the employer publicized the results of the league activity. However, in *Sillitto* the employer established the league *for* the benefit of its employees and not as a general municipal function for the

benefit of all its citizens.   Also in *Sillitto,* there was a finding by the board that the claimant's team was sponsored and financially supported by the county whereas in the present case there is no substantial evidence indicating that the claimant's team was so supported or sponsored.

The present record establishes that the claimant chose to participate in a public recreational activity and it was merely fortuitous that the general activity was sponsored by his employer.   The record does not support any employer-employee relationship as to the softball league or as to the particular team to which claimant belonged.   The circumstances disclosed in this record merely establish that there was a public recreational activity provided by the employer and that the claimant's employment was entirely unrelated with the creation of the activity or his particular participation.   To hold otherwise would seriously undermine municipal recreational programs designed for the health and pleasure of its citizenry.

The decision should be reversed and claim dismissed, with costs to the appellants against the Workmen's. Compensation Board.

REYNOLDS, GREENBLOTT, COOKE and SWEENEY, JJ., concur.

Decision reversed and claim dismissed, with costs to appellants against the Workmen's Compensation Board.