■ In the Matter of the Claim of EDWIN BISHOP, Respondent, v. EDWARD J. BARTLEY, Doing Business as BARTLEY'S RESTAURANT AND TAVERN, et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board on the ground that claimant's injuries did not arise out of and in the course of employment. On July 16, 1971 claimant, a bartender, sustained severe injuries during a hold-up on the employer's premises. The hold-up occurred at approximately 8:50 A.M. when claimant was not on duty, his shift on that day being from 1:00 P.M. to 7:00 P.M. Claimant, who lived next door to his place of employment, testified that he went to his place of employment at that time to bring coffee to the bartender then on duty; that there was no obligation or job requirements to bring coffee, and that he did so as a purely personal matter. The board, nevertheless, found that the injuries arose out of and in the course of employment in that "the claimant was on the premises of the employer and acting for the benefit of the employer when he procured coffee for the co-worker." Whether in a given case the injuries sustained arose out of and in the course of employment is a factual issue, and, thus, if the board's determination is supported by substantial evidence it must be upheld (Workmen's Compensation Law. § 20). However, we do not find such substantial evidence on this record. None of the cases cited by the respondent support the conclusion reached here. In *Meaney v. Keating* (200 Misc. 308, affd. 279 App. Div. 1030, affd. 305 N. Y. 660) and *Matter of Laird v. Springer* (31 A D 2d 682) the activity engaged in, although unauthorized by the employer, was clearly employment related. *Matter of Korchinski v. S. S. S. Bar & Grill* (35 A D 2d 862) involving a bartender who had closed the employer's bar late in the evening and was found shot in his parked car in front of the bar is not analogous to the present case. Nor is *Matter of Scheper v. Board of Educ. of Union Free School Dist. No. 2* (27 A D 2d 612, mot. for lv. to app. den. 19 N Y 2d 579) where a teacher was injured on returning another teacher's lunch she had mistakenly taken or any of the other cases cited by the respondent apposite here. There is no basis for the board's finding that claimant was "acting for the benefit of the employer when he procured coffee for the co-worker." Claimant's own testimony was to the effect that it was a purely personal gesture and there is no evidence in this record for construing claimant's action as beneficial to the

employer. However, we feel that the case should be remitted to the board for any further development of the record that might be possible by either party. Decision reversed, and claim remitted to the Workmen's Compensation Board, without costs. Herlihy, P. J., Greenblott, Cooke, Main and Reynolds, JJ., concur.