■ In the Matter of the Claim of IRMA MISITA, Respondent, v WILLIAMS GROCERIES AND MEATS FAIR, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed June 25, 1976, which reversed a referee's disallowance of a claim for death benefits and directed that an award be made. On February 29, 1968 the decedent, then 54 years old, five feet nine inches tall and weighing 265 pounds, collapsed and died in the course of his employment. Although no autopsy was performed, claimant's medical witness and appellants' doctor each gave his opinion that death was caused by ventricular arrythmia and arteriosclerotic heart disease. Since proof was not taken until March, 1974, some six years after the death, no witness was able to

recall the decedent's exact activities during the morning of the day he died. There was testimony, however, of the kind of work the decedent did at his place of employment which included unloading from trucks celery in 75-pound wooden boxes, broccoli in boxes weighing 30 pounds, cabbage in boxes weighing 50 pounds and lettuce in bulk form weighing 45 to 50 pounds. At the conclusion of the hearings the referee disallowed the claim on the ground that "there is no direct evidence as to the activities actually performed by the claimant on the morning of February 29, 1968", and that the work activities testified to "do not constitute activities more strenuous than the normal wear and tear of everyday living". The board's rejection of the referee's finding that direct evidence of work activity is essential to a conclusion that death was work-related, is supported by decisional law. The board could draw any reasonable inference from the facts *(Matter of Stone v New York Artificial Breeder's Co-op.,* 33 AD2d 524, mot for lv to app den 25 NY2d 742) and findings supported by reasonable inferences from the facts are supported by substantial evidence *(Matter of Ernest v Boggs Lake Estates,* 12 NY2d 414; *Matter of Fox v United Brotherhood of Carpenters of Joiners of Amer., Local No. 606,* 33 AD2d 605, mot for lv to app den 25 NY2d 744). More difficult is the board's finding of causal relationship between the inferred physical activities during the morning of February 29, 1968 and decedent's sudden demise at about 1:00 P.M of that day. Neither medical witness had examined decedent nor had the assistance of autopsy findings. Therefore, the medical proof consists of medical opinion rather than medical fact. This does not, as contended by appellants, require rejection of such evidence *(Matter of Currie v Town of Davenport,* 37 NY2d 472). Rather, the referee and the board on review may accept the testimony of any one expert and fail to credit that of another *(Matter of Carpenter v Sibley, Lindsay & Curr Co.,* 302 NY 304, 306), particularly where, as here, the medical opinions are based not so much on facts as on inferences of fact *(Matter of Currie v Town of Davenport, supra).* Therefore, since the board accepted the expert opinion of claimant's doctor that the work activity by decedent on the morning he died was causally related to his demise and, further, that such activity superimposed on an existing arteriosclerotic heart condition was the causative factor in bringing on the fatal attack, and since decedent engaged in "strenuous efforts" on February 29, 1968 beyond the normal "wear and tear" of everyday life (see *Matter of McCormick v Green Bus Lines,* 29 NY2d 246), we conclude that the board's findings are supported by substantial evidence. Decision affirmed, with costs to the Workmen's Compensation Board. Greenblott, J. P., Mahoney, Main, Larkin and Mikoll, JJ., concur.