In the Matter of the Claim of BARBARA AXEL, Respondent, v DUFFY-MOTT COMPANY, INC., Appellant. WORKERS' COMPENSATION BOARD, Respondent.

Third Department, June 15, 1978

APPEARANCES OF COUNSEL

*Chadbourne, Parke, Whiteside & Wolff (Charles K. O'Neill and Paul G. Pennoyer, Jr.,* of counsel), for appellant.

*Reisman, Milberg, Abramson & Magro, P. C.,* for Barbara Axel, respondent.

*Louis J. Lefkowitz*, Attorney-General (*Henriette Frieder*, *Herman C. Emer* and *Daniel Polansky* of counsel), for Workers' Compensation Board, respondent.

## OPINION OF THE COURT

MAIN, J.

This is an appeal from a decision of the Workers' Compensation Board, which, among other things, determined that the employer herein had discriminated against the claimant in violation of section 120 of the Workers' Compensation Law.

Claimant was working for the employer herein, Duffy-Mott Company, Inc., as a computer programmer when, on January 18, 1974, she became embroiled in an argument with her supervisor over the fact that an assignment which she had been given would not be completed on time. According to the employer, this incident was the culmination of a period of some months during which claimant's work product, performance and conduct on the job markedly deteriorated, and it resulted in her discharge. Thereafter, claimant filed the instant claim alleging that her firing had been discriminatory in violation of section 120 of the Workers' Compensation Law. Claimant maintained the actual reason for her dismissal was her prosecution of an earlier compensation claim against the employer, involving a 1973 accident. After many hearings and the issuance of numerous decisions, the board ultimately determined that she had been discharged in violation of the subject statute. Accordingly, it affirmed a Referee's award in her favor, and the employer now appeals.

We hold that the board's decision must be reversed. Claimant contends that the presumption contained in subdivision 1 of section 21 of the Workers' Compensation Law is operative in this case so as to place the burden upon the employer of coming forward with evidence to demonstrate that her dismissal was nondiscriminatory. Even assuming *arguendo* that this contention is correct, we conclude that the employer has clearly carried this burden.

Although claimant was apparently once a capable and valued programmer for Duffy-Mott Company, Inc., she suffered two major misfortunes in 1973, i.e., the above-cited accident wherein she was struck by an automobile and, most notably, the death of her mother on October 2, 1973. Undoubtedly, these occurrences profoundly affected claimant in a deleterious way, and subsequent thereto, the employer maintains

with much documentary support from company personnel records that she ceased to fulfill satisfactorily her duties and responsibilities as an employee. Tardiness and absenteeism became a problem for her. She also made excessive use of the office telephone for personal calls, often talking in a loud manner which was disturbing to fellow employees. Moreover, even claimant conceded at a later unemployment insurance hearing, that she was not performing her duties satisfactorily during this period. Despite these shortcomings, the company recognized the difficult times which claimant had recently experienced and responded in a most solicitous manner. She was given every reasonable consideration even to the extent of a paid leave of absence so that she could get her affairs in order. Nonetheless, the situation did not improve, and the argument with her supervisor on January 18, 1974 understandably precipitated her dismissal.

In response to this overwhelming evidence establishing the propriety of her discharge, claimant persists with her argument that she was a victim of discrimination. Her case rests largely upon the fact that the employer opposed her unemployment insurance claim and her earlier compensation claim, and upon the circumstances that she lost her employment during the pendency of said compensation case. This conduct by the employer was not at all unusual or suspect, and to base a finding of discrimination upon such a record as this and with the employer having produced much highly probative evidence in favor of its position, the board was plainly acting upon conjecture and surmise. Such a speculative determination lacks substantial evidentiary support and, consequently, it cannot be sustained (*Matter of Bishop v Bartley,* 42 AD2d 806; 66 NY Jur, Workmen's Compensation, § 704).

The decision should be reversed, without costs, and the claim pursuant to section 120 of the Workers' Compensation Law should be dismissed.

MIKOLL, J. (dissenting). The issue of whether the employer had violated the prohibitions of section 120 was one purely of fact, based on conflicting evidence, which the board resolved in favor of claimant. This was within the statutory authority vested in it by section 20 of the Workers' Compensation Law. The fact that much of the evidence supporting the board's decision is circumstantial makes the decision no less sound (*Matter of Stone v N. Y. Artificial Breeders' Co-Op,* 33 AD2d 524, mot for lv to app den 25 NY2d 742). An employer who is

intent on violating an antidiscrimination law does so deviously and does not announce his purpose publicly. The board was confronted with the subtleties of conduct, the truthfulness of witnesses, the acceptance or rejection of evidence and the drawing of reasonable inferences from the established facts and circumstances. Based on the record and the inferences reasonably drawn therefrom, there was substantial evidence to support the board's findings. Accordingly, the decision of the board should be affirmed.

SWEENEY, J. P., and LARKIN, J., concur with MAIN, J.; STALEY, JR., and MIKOLL, JJ., dissent and vote to affirm in an opinion by MIKOLL, J.

Decision reversed, without costs, and claim pursuant to section 120 of the Workers' Compensation Law dismissed.