In the Matter of the Claim of WILSTON BREWSTER, Respondent,
v C. H. LIEBFRIED MFG. CORP., Appellant. WORKERS' COM-
PENSATION BOARD, Respondent.

Third Department, December 14, 1978

**APPEARANCES OF COUNSEL**

*Anne G. Kafka* for appellant.

*Pasternack, Popish, Ciaccio, Popish & Burton, P. C.,* for
Wilston Brewster, respondent.

*Louis J. Lefkowitz, Attorney-General (Henriette Frieder* and
*Daniel Polansky* of counsel), for Workers' Compensation
Board, respondent.

## OPINION OF THE COURT

HERLIHY, J.

The claimant sustained a compensable injury on December 6, 1974 when the tip of a finger was cut off and he received a schedule award of 50% loss of his left middle finger. On January 16, 1975 his attending physician certified that he could return to work if it was light duty and did not involve the use of his finger. The claimant had worked for the employer about two years prior to his injury. On January 17, 1975 the employer returned the claimant to work which it was felt the claimant could perform. On May 8, 1975 the claimant was put on "temporary lay off".

The claimant came to the conclusion that he was laid off solely because of his compensation claim and, accordingly, filed a complaint based on discrimination pursuant to section 120 of the Workers' Compensation Law seeking reinstatement in employment and lost wages.

The board has decided in favor of claimant as follows: "Upon review of the record, the Board Panel finds, based on the testimony, that claimant, who had seniority over certain employees retained by his employer, was one of two employees terminated by his employer; that both claimant and the other employee terminated had filed Workmen's Compensation claims; that said conduct on the part of the employer is indicative of a pattern of discriminatory discharging of employees who file compensation claims; and accordingly, that the employer violated the provisions of Section 120 of the Law."

A review of the record reveals that the facts found by the board are the only evidence which could be considered to in any way support the claimant's charge of discrimination.

The question for this court is whether or not the record as a whole contains substantial evidence to support the decision of the board that the employer laid off the claimant because of his compensation claim (*Matter of Axel v Duffy-Mott Co.,* 62 AD2d 651).

The claimant was a member of a union which represented the employees. After the layoff he went to his union to complain. The employer's representative testified at the hearing that he called the union representative and explained the reasons why claimant was laid off and that the union representative agreed. This is undisputed in the record and it can

be fairly assumed that the union filed no grievance but, subsequently, as an afterthought, suggested that the claimant raise the issue of discrimination.

As noted, the sole evidence from which an inference of discrimination could be made is that relied upon by the board. It is undisputed that the layoff itself occurred because of a lack of work and general economic conditions and that there were subsequent layoffs. The employer's representative testified that he would rehire claimant in preference to any new recruit. Under such circumstances the fact that claimant had some seniority or that he and another worker had at some point in the past claimed compensation is hardly sufficient to even support a conjecture or surmise of discrimination against compensation claimants. There were many complaints by the claimant but there is no substantial evidence of a violation of section 120 of the Workers' Compensation Law.

Discrimination works both ways and, while discrimination against employees who file compensation claims should not be countenanced, the allegation of discrimination should not become a sword without just cause.

The decision should be reversed, with costs against the Workers' Comepnsation Board, and the claim pursuant to section 120 of the Workers' Compensation Law dismissed.

MAHONEY, P. J., SWEENEY, KANE and STALEY, JR., JJ., concur.

Decision reversed, with costs against the Workers' Compensation Board, and claim pursuant to section 120 of the Workers' Compensation Law dismissed.