In the Matter of the Claim of GLADYS FORTUNATO, Respondent, v CROCKER COMPANY et al., Appellants. Workers' Compensation Board, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed August 10, 1978. The employer and its insurance carrier appeal from that part of the decision of the board, which awarded death benefits to the widow of the deceased employee based upon findings that the decedent fell while working and a subsequent fatal heart attack was causally related thereto. Decedent, employed as the superintendent of an apartment building, was requested to clean up an oil spill on the stairs between the second and third floors of the building. A witness testified that she saw the decedent going up the stairs to the third floor with a mop and a pail. Although no one saw the decedent fall, he was subsequently found lying in a pool of blood on the third floor with a deep laceration along the side of his jaw. Decedent died a short time thereafter and the certificate of death states that the cause of death was occlusive coronary arteriosclerosis. Decedent

had a history of heart disease. Following the award of death benefits by the board, this appeal ensued. Appellants contend that there is a lack of substantial evidence to support the board's finding that decedent fell while in the course of his employment. It is argued that as a result of his heart condition, decedent collapsed and died rather than fell while working. There was medical testimony that decedent was working with a relatively recent myocardial infarction which caused his collapse resulting in his immediate death. Another physician, however, expressed the opinion that the fall, superimposed upon a badly degenerated cardiovascular system, precipitated the arrythmia which resulted in decedent's death. The conflicting medical evidence presented a question of fact which permitted the application of the presumption that the fall was accidental within section 21 of the Workers' Compensation Law *Birdsall v Peters,* 46 AD2d 11; *Matter of Kurash v Franklin Stores Corp.,* 12 AD2d 368, mot for lv to app den 9 NY2d 612). In view of the presumption pursuant to section 21 and the fact that decedent was last seen with a mop and a pail in an area covered with oil, we are of the opinion that the board could properly find that decedent fell while at work and that such fall constituted a compensable accident. Appellants also urge that there is no substantial evidence to support the board's finding that decedent's fatal heart attack was causally related to the fall. As previously stated, there was medical testimony that the fall, together with decedent's heart condition, precipitated an arrythmia resulting in death. Although another physician contradicted this testimony, the resulting conflict in medical evidence merely presented a question of fact for the board to resolve *(Matter of Sanderson v Curley,* 65 AD2d 641). We conclude that there is substantial evidence in the record to support the board's determination and, therefore, the determination must be affirmed. Decision affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier. Mahoney, P. J., Greenblott, Sweeney, Main and Mikoll, JJ., concur.