■ In the Matter of the Claim of ALICE CASUCCI, Respondent, v COMMUNITY CARTING COMPANY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed May 31, 1979. In a decision filed January 31, 1973, the board denied benefits to claimant on the ground that her husband, the decedent, did not sustain an accidental injury arising out of and in the course of employment. On appeal to this court, we reversed and remitted the matter to the board for the production of additional evidence (Matter of Casucci v Community Carting Co., 48 AD2d 725). Evidence previously submitted indicated the kind of work decedent did during his employment included the moving of large metal trash containers placed on casters and the lifting of trash in cartons weighing up to 25 pounds. No direct evidence has been submitted as to the extent of decedent's work activities on the date of his death. Decedent died as a result of a thrombosis of the coronary artery. Upon remittal, claimant's consultant, a physician, testified that decedent's work effort on the morning of the day of his death was a competent producing cause of the myocardial infarction which culminated in his death. He also testified that decedent's normal work activity was of sufficient magnitude to have precipitated the symptoms which he complained of shortly before his death. There was other medical testimony on remittal that decedent's death was unrelated to his work. The board found that decedent's work activity on the day of his death was a causative factor in his death and concluded that decedent sustained an accidental injury arising out of and in the course of his employment. It was determined by the board that the death was causally related to the accidental injury and the referee's decision awarding death benefits was affirmed. On this appeal, appellants contend that there is no evidence that decedent engaged in any strenuous efforts on the date of his death and, consequently, the board's finding of an industrial accident is not supported by substantial evidence. We disagree. Although no direct evidence of decedent's work activities on the date of his death was submitted, the board may draw any reasonable inference from the facts and findings supported by such reasonable inferences are supported by substantial evidence (Matter of Misita v Williams Groceries & Meats Fair, 59 AD2d 816). The conflict in medical evidence merely presented a question of fact for the board's resolution (Matter of Fortunato v Crocker Co., 70 AD2d 678). In our view, the decision of the board is supported by substantial evidence and, therefore, it must be affirmed (see Matter of Misita v Williams Groceries & Meats Fair, supra). Decision affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier. Mahoney, P. J., Greenblott, Sweeney, Kane and Casey, JJ., concur.