■ In the Matter of the Claim of REGINA KOLODYNSKI, Respondent, v AVIV KNITWEAR CORP. et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed April 5, 1979, as amended by a decision, filed August 2, 1979. The decedent, at age 60, reported to work at approximately 5:00 P.M. on May 31, 1976, and was discovered lying on the floor at approximately 7:30 A.M. on

June 1, 1976. The claimant worked alone on the night in question due to the fact that a co-worker did not report to work that night. Although there was no direct evidence of decedent's work activities on the date of his death, his co-worker testified as to the usual type of work decedent did at his place of employment, which included putting yarn on a knitting machine, repairing the machine if something went wrong with it, and moving heavy boxes of yarn. This witness also testified that he usually assisted decedent in moving the boxes and repairing his machine. Decedent died of occlusive coronary arteriosclerosis. A physician, in answer to a hypothetical question, testified that decedent's performance of an unusual amount of work due to the absence of his co-worker contributed to his death. The board found that claimant sustained an accidental injury within the meaning of the Workers' Compensation Law and concluded that his death was causally related to the accidental injury, in that his work activities on the date of his death were excessively arduous and strenuous for him. The referee's decision awarding death benefits was affirmed and this appeal ensued. Initially, appellants contend that there is no evidence of any strenuous activity on the part of decedent on the date of his death and that, therefore, the board's finding of an accident within the meaning of the Workers' Compensation Law is not supported by substantial evidence. Even though no witness was able to testify to decedent's exact activities on the date of his death, the board may draw any reasonable inference from the facts and if findings are supported by such reasonable inferences, they are supported by substantial evidence (*Matter of Casucci v Community Carting Co.,* 75 AD2d 701; *Matter of Misita v Williams Groceries & Meats Fair,* 59 AD2d 816, mot for lv to app den 43 NY2d 648). Conflicting testimony was presented which merely presented questions of fact and credibility for the board to resolve (*Matter of Sanderson v Curley,* 65 AD2d 641). Contradictory medical testimony also presented a question of fact for the board's resolution (*Matter of Girard v St. Joseph Min. Corp.,* 69 AD2d 968). We conclude that the decision of the board is supported by substantial evidence and, consequently, it must be affirmed (see *Matter of Casucci v Community Carting Co., supra; Matter of Fortunato v Crocker Co.,* 70 AD2d 678). Decision affirmed, with one bill of costs to respondents filing briefs against the employer and its insurance carrier. Greenblott, J. P., Sweeney, Main, Mikoll and Herlihy, JJ., concur.