■ MAE KEARSING et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 65076.) — In a negligence claim to recover damages for personal injuries, etc., the claimants appeal from an order of the Court of Claims (Lengyel, J.), entered December 10, 1981, which granted defendant's cross motion for summary judgment and denied as moot their motion for further discovery. Order reversed, without costs or disbursements, cross motion denied, and case remitted to the Court of Claims for further proceedings consistent herewith. Claimant Mae Kearsing is employed as the manager of the Community Store at Letchworth Village Developmental Center, a facility owned and operated by the State of New York. On February 14, 1980, Ms. Kearsing, who had begun her vacation five days earlier, returned to the store to buy a pair of shorts for a planned trip. Upon finding a pair that she wanted, she wrote up the bill herself and paid for her purchase. Thereafter, she decided to remain at the store to join several other employees for lunch. As Ms. Kearsing and her companions began their meal, one of the facility's patients entered the store. Ms. Kearsing knew the patient and apparently had a friendly relationship with him. Upon seeing the patient enter the store, one of Ms. Kearsing's companions directed him to leave, explaining that on a previous occasion he had been caught stealing ashtrays. When Ms. Kearsing noticed that the patient now looked "very, very depressed," she decided to talk with him. As she approached him, the patient grabbed her by the hair, pushed her down, and banged her head several times against the concrete floor. As a result of this assault, Ms. Kearsing sustained serious injuries. The claimants subsequently filed the instant claim alleging that Ms. Kearsing's injuries had resulted from the State's negligence. Following examinations before trial, the claimants moved for further discovery, and the State cross-moved for summary judgment dismissing the claim, *inter alia,* on the ground that the claimants' exclusive remedy was workers' compensation benefits. The court granted the cross motion and dismissed the claim, reasoning that Ms. Kearsing had voluntarily departed from her vacation status and had been acting in her managerial capacity when she was injured by the patient. The claimants' motion for further discovery was denied as moot. We now reverse. In our view, Ms. Kearsing was injured not while engaged in job-related activities but while involved in purely personal pursuits during her vacation period. (See, e.g., *Matter of Daly v Bates & Roberts,* 224 NY 126; *Matter of Bishop v Bartley,* 42 AD2d 806; *Matter of Carpenter v Town of New Castle,* 35 AD2d 16, affd 29 NY2d 760; *Johnstone v State of New York,* 204 Misc 239.) And this conclusion is unaffected by the fact that the incident occurred at or near the place at which Ms. Kearsing was employed. (See, e.g., *Adams v Uvalde Asphalt Paving Co.,* 205 App Div 784; *Matter of Urban v Topping Bros.,* 184 App Div 633; *Jones v Herbert Equities,* 186 Misc 163, affd 270 App Div 922.) Accordingly, we reverse the order appealed from, deny the cross motion for summary judgment, and remit the case to the Court of Claims for further proceedings including a determination of the claimants' motion for further discovery. Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.