■ In the Matter of the Claim of Melida Capizzi, Respondent, v Southern District Reporters, Inc., et al., Appellants. Workers' Compensation Board, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed June 7, 1982, as amended by decision filed October 13, 1982. The issue on this appeal is whether claimant's injury, sustained when she slipped and fell upon entering the bathtub in her motel room in Toronto, Canada, in order to

take a shower before beginning her return trip to New York, arose out of and in the course of her employment. Since the record presents only uncontradicted facts from which no conflicting inferences can reasonably be drawn, the question is one of law (*Matter of Paduano v New York State Workmen's Compensation Bd.,* 30 AD2d 1009, affd 25 NY2d 669). We answer the question in the negative and, therefore, reverse the board's decision. Claimant concededly was in Toronto at the direction of her employer for business purposes, and under such circumstances claimant's injury may be compensable even though at the time of the accident she was not actively engaged in the duties of her employer, but compensation will be denied "[W]here an accident is attributable *solely to the personal acts of the claimant,* and cannot be attributed in any way to the *environment* into which the employee has been brought by his employment" (*Matter of Kaplan v Zodiac Watch Co.,* 20 NY2d 537, 540; emphasis in original). Injuries sustained by an out-of-town employee due to a slip and fall while showering in a motel room are ordinarily noncompensable since they are attributable solely to the personal acts of the employee (e.g., *Matter of Paduano v New York State Workmen's Compensation Bd., supra; Matter of Covel v New York State Ct. of Claims,* 30 AD2d 736; *Matter of Friedwald v New York State Ins. Dept.,* 17 AD2d 670). An exception has been carved out where the claimant's employment first exposes him to becoming physically dirty and then, in continuity, requires him to be neat in appearance (*Matter of Miller v Bartlett Tree Expert Co.,* 3 NY2d 654). In our view, the uncontested facts of this case fall squarely within the general rule, established by the cases cited above, that showering is a purely personal act, making claimant's injury noncompensable as a matter of law. In its decision the board stated, without elaboration, "that the environment in which claimant was placed by the employment contributed to the accident". On appeal, the board suggests that the tub was responsible, at least in part, for claimant's fall. There is, however, no evidence in the record that the tub was defective or unsafe, or that it differed in any way, shape or manner from an ordinary tub. Undaunted by the absence of such proof, the board now seeks to rely on its broad fact-finding authority to draw inferences about causation from claimant's testimony that she slipped and fell while getting into the tub. The board's power to draw inferences reasonably supported by the evidence and to choose between conflicting reasonable inferences is well settled (see, e.g., *Matter of Kolondynski v Aviv Knitwear Corp.,* 77 AD2d 710, 711; *Matter of Miceli v Tracy-Smith Co.,* 17 AD2d 1021), but where an administrative agency's conclusions are based on speculative inferences unsupported by the record, its determination will be annulled (*Matter of Sled Hill Cafe v Hostetter,* 22 NY2d 607, 612-613). A conclusion as to causation, based solely upon claimant's testimony that she slipped and fell while getting into the tub, can, in our view, be reached only by engaging in speculation. Accordingly, the board's finding that an environmental factor contributed to claimant's injury is irrational. It should be noted that the board's decision makes no attempt to explain what environmental factor or factors contributed to claimant's injury. Nor does it attempt to distinguish the environment in claimant's motel room from that involved in the cases in which injuries sustained in a slip and fall while showering have been ruled noncompensable. Decision reversed, with costs against the Workers' Compensation Board, and matter remitted to the board for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.