■ In the Matter of the Claim of EUNICE S. BILOW, Respondent, v TOWN OF CHATEAUGAY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Levine, J. Appeal from an amended decision of the Workers' Compensation Board, filed January 6, 1988.

Claimant's husband, Andrew Bilow, was employed as a mobile equipment operator for the Town of Chateaugay Highway Department in Franklin County. On February 23, 1979 Bilow was instructed by the highway superintendent, Carroll Cook, to use the bulldozer he was operating to help free a privately owned bulldozer which was stuck in frozen ice. Under Cook's supervision, Bilow was to use the town's bulldozer to "shove" the other one to free it from the ice without causing damage to either bulldozer. After one attempt to shove the stuck bulldozer, Cook directed Bilow to back away. Minutes later, while awaiting further instructions from Cook, Bilow suffered a fatal heart attack.

Claimant subsequently applied for workers' compensation benefits. After hearings, the Workers' Compensation Law Judge ruled that decedent's death was due solely to his preexisting cardiac pathology and was not causally related to his employment. Claimant appealed to the Workers' Compensation Board which referred the case to an impartial cardiologist for an opinion as to whether decedent's heart attack was causally related to his work activities on February 23, 1979. Dr. John Filippone, the designated specialist, stated in his report that, although no strenuous physical effort was required to operate the bulldozer: "emotional stress was obviously present since the decedent was involved in using a municipally owned bulldozer to free a privately owned bulldozer under the immediate supervision of his boss. This emotional stress may be considered as an aggravating factor superimposed upon his severe underlying coronary disease, sufficient to produce infarction or ventricular dysrhythmia with sudden death. It is concluded that there was [a] caus[al] relationship between his work activities and the fatal episode." Based on this report and on testimony by Filippone, the Board reversed the decision of the Workers' Compensation Law Judge and found that decedent's death was compensable. The employer appeals.

On appeal, the employer contends that, inasmuch as there is no direct evidence in the record that decedent was suffering

from emotional stress on the day in question, neither Filippone nor the Board could properly infer that such stress existed. We disagree. A medical opinion, with a supporting medical hypothesis, can constitute substantial evidence to justify a finding of causal relationship between a work activity and an injury (*Matter of Mitchell v Nason's Delivery,* 75 AD2d 965; *see, Matter of Misita v Williams Groceries & Meats Fair,* 59 AD2d 816, *lv denied* 43 NY2d 648). The Board may also "draw any reasonable inference from the facts and findings supported by such reasonable inferences are supported by substantial evidence" (*Matter of Casucci v Community Carting Co.,* 75 AD2d 701). In our view, the circumstances surrounding the attempts to free the stuck bulldozer, including the unusually close supervision of the highway superintendent, permit a reasonable inference that it was a stressful experience for decedent. In light of Filippone's testimony that such stress would have been sufficient to cause decedent's heart attack, the Board's decision is supported by substantial evidence and must be affirmed.

Amended decision affirmed, without costs. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.