In the Matter of WALLACE H. SIDNEY, Appellant, v. WILLIAM S. HULTS, as Commissioner of Motor Vehicles, Respondent.— Pursuant to section 618 of the Civil Practice Act the court directs that the proceeding herein be transferred to the Appellate Division of the Supreme Court, Fourth Department, to be there heard and determined. [24 Misc 2d 335.]

In the Matter of the Claim of MARIE REGAN, Respondent, v. FOOD STORE DEMONSTRATION, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier from a decision and award of the Workmen's Compensation Board. The claimant was employed as a food demonstrator. She was sent by her employer to demonstrate a product in a store in Riverhead, Long Island on June 25 and June 26, 1959. It was therefore necessary to stay overnight in Riverhead which was 90 miles from New York City where she lived. The claimant was reimbursed for her expenses for such things as meals, lodging and transportation incurred on the trip. She arranged for a room and returned to it after finishing her day's work on June 25. After reading a story in a magazine she arose from the chair in which she was sitting and as she did she slipped and fell on the floor, which was "quite waxed", sustaining an injury to her wrist. The board found that claimant's injury arose out of and during the course of her employment and that is the sole issue involved on this appeal. The claimant herein was sent by her employer to perform her duties at a location some distance from her home and was required as a result to spend the night in that location. Her normal activities on her trip to and from and her stay at that location were therefore within the area of her employment. It was stated in *Matter of Schreiber* v. *Revlon Prods.* (5 A D 2d 207, 208): "An employee traveling at a distance from his home in the business of the employer is deemed within the area of employment if injured in his normal activities. * * * They are required, of course, to sleep and eat at home, as well as abroad, but they do so when abroad under the aegis of the employment." The Court of Appeals in Matter of *Davis* v. *Newsweek Magazine* (305 N. Y. 20, 27–28) in speaking of a line of cases in which compensation was allowed said: "In each and every instance the employee had been directed, *as part of his duties,* to remain in a *particular* place or locality until directed otherwise or for a specified length of time. In those circumstances, the rule applied is simply that the employee is not expected to wait immobile, but may indulge in any *reasonable* activity at that place, and if he does so the risk inherent in such activity is an incident of his employment." Certainly the claimant's injury here occurred while she was engaged in a "normal" and "reasonable" activity. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board.