■ In the Matter of the Claim of CATHERINE BEHAN, Respondent, v. COUNTY OF ONONDAGA, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— STALEY, JR., J. Appeal from a decision of the Workmen's Compensation Board which determined that the injuries sustained by the claimant on May 12, 1963 arose out of and in the course of claimant's employment. Claimant was employed as Deputy Sheriff and head matron in the Cedar Street Jail by the County of Onondaga. She resided in an apartment in the jail building and, in addition to her salary as added compensation, she was provided with living quarters and board. She worked seven days a week and was subject to 24-hour call, and her work consisted of supervision of the women matrons and the female side of the jail, in addition to the preparation of the prisoners' meals. On May 11, 1963, she returned to her apartment after a three-day hospitalization, and on May 12, 1963 about 2 o'clock in the morning, while she was leaving the bathroom, she slipped and fell on the tile floor, fracturing her righ humerus and right hip. The appellant contends that claimant did not sustain an accident, but merely fainted and fell to the floor and that, if there was an accident, it did not arise out of and in the course of her employment, and that the injuries sustained were the result of her pre-existing unrelated physical condition. There is evidence in the record that claimant slipped as she was coming out of the bathroom on water on the floor and that she was on call at the time of the accident and, had on the day previously, supervised the planning of the meals. The fall of claimant, in the absence of any proof that the fall was caused by idiopathic reasons, resulting in her injuries, thus constitutes an accident. (Workmen's Compensation Law, § 21, subd. 1; Matter of Hoffman v. New York Cent. R. R., 290 N. Y. 277.) The evidence further supports the finding that the claimant's duties calling for her residence on the employment premises was a convenience and benefit to the employer. The fact that the accident occurred in the performance of a personal act does not bar claimant from recovery and, under the circumstances here, the claimant was involved in an accident arising out of and in the course of her employment as determined by the board. Since the employee was required to live on the premises, either by virtue of her contract of employment or by reason of the nature of her employment, the injuries sustained resulting from normal activities on the premises are compensable. (Matter of Galvez v. Gold Coast Enterprises, 23 A D 2d 600; Matter of Chapman v. Kiamesha Concord, 15 A D 2d 618.) Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds and Taylor, JJ., concur.