OPINION OF THE COURT
Wachtler, J.
The question presented for our review on this workers’ compensation claim is whether claimant’s injury, resulting from a slip and fall in a hotel bathtub, arose out of and in the course of her employment. The Workers’ Compensation Board determined that the accident, notice and causal relationship were established. The Appellate Division reversed on the ground that showering is a purely personal act, holding claimant’s injury noncompensable as a matter of law. The Workers’ Compensation Board now appeals to the court.
Claimant Nelida Capizzi was employed as a transcriber-typist by respondent Southern District Reporters, Inc., a court reporting firm located in New York City. On December 30, 1980 respondent employer sent claimant and four other coemployees on a business trip to Toronto, Canada, to transcribe notes of the minutes of depositions being held there. Later that evening, the hearings were suspended in anticipation of the New Year’s holiday. At approximately 7:00 a.m. the following morning, claimant slipped and fell *52 as she was stepping into the hotel bathtub to take a shower in preparation for her return trip to New York.
As a consequence of the injuries sustained as a result of the fall, claimant filed a claim for compensation benefits. Following a hearing, the workers’ compensation law judge found that accident, notice and causal relationship were established for the injuries sustained. On review, the Workers’ Compensation Board affirmed, finding that claimant was required to travel to Toronto on the business of her employer, that she was directed to remain at that place for a specified length of time, and that her status as an employee continued during the entire trip. The board further found that claimant was in the hotel room for the employer’s benefit and that the environment in which claimant was placed by the employment contributed to the accident. The board concluded that claimant’s accident arose out of and in the course of her employment.
The Appellate Division reversed, holding that injuries sustained by an out-of-town employee due to a slip and fall while showering in a motel room are ordinarily noncompensable because they are attributable solely to the personal acts of the employee unless the claimant’s employment first causes him or her to become physically dirty and then requires a neat appearance. The court reasoned that the uncontested facts of the present case fall within the general rule, and that showering is a purely personal act, making claimant’s injury noncompensable as a matter of law. The court was also of the view that the board’s finding that the environment in which claimant was placed by the employment contributed to the accident was unsupported by the evidence in the record. We now reverse and reinstate the decision of the board.
Traditionally, injuries sustained by an employee while traveling in the business of his employer were compensable if they occurred while the employee was actually acting in furtherance of his employer’s business (Matter of Davis v Newsweek Mag., 305 NY 20). This theory of compensability has been expanded in recognition of the fact that a change in environment creates a greater risk of injury to the employee so that injuries to a traveling employee may be compensable even if the employee at the time of the acci *53 dent was not engaged in the duties of his employment (see Matter of Markoholz v General Elec. Co., 13 NY2d 163 [decedent attending international conference at employer’s request killed in airplane accident at the end of a week’s vacation following the conference]; Matter of McKay v Republic Vanguard Ins. Co., 27 AD2d 607, affd 20 NY2d 884 [district manager killed in a hotel fire]; Matter of Regan v Food Store Demonstrators, 12 AD2d 852 [claimant slipped and fell on a “waxy” motel floor after she arose from a chair where she had been reading a magazine]; Matter of Schreiber v Revlon Prods. Corp., 5 AD2d 207 [claimant slipped and fell on icy sidewalk while returning to hotel after dinner]). In cases where an employee is injured while traveling on behalf of his employer the general principle of compensability also applies. Thus, if an employee is “directed, as part of his duties, to remain in a particular place or locality * * * for a specified length of time * * * the rule applied is simply that the employee is not expected to wait immobile, but may indulge in any reasonable activity at that place, and if he does so the risk inherent in such activity is an incident of his employment” (Matter of Davis v Newsweek Mag., 305 NY 20, 27-28, supra; see, also, Matter of Kaplan v Zodiac Watch Co., 20 NY2d 537).
In the past this principle has not been applied as liberally to cases where traveling employees sustain injuries while dressing or bathing in preparation for work. The courts have viewed the injuries resulting from such activities as noncompensable, characterizing them as purely personal acts (see Matter of Walsh v Sucrest Corp., 37 AD2d 321, affd 31 NY2d 751; Matter of Paduano v New York State Workmen’s Compensation Bd., 30 AD2d 1009, affd 25 NY2d 669; Matter of Friedwald v New York State Ins. Dept., 17 AD2d 670). In addition, injuries caused by such activities have been determined to be unrelated to an environmental factor having some causal connection with the accident suffered by the employee (Matter of Kaplan v Zodiac Watch Co., supra).
Given the expanded theory of compensability with respect to injuries sustained by traveling employees involving incidents other than dressing or bathing, it is difficult *54 to reconcile a compensation award to an employee who, when returning to her hotel after dinner, slipped and fell on a sidewalk (Matter of Schreiber v Revlon Prods. Corp., supra) with the denial of an award to claimant in the present matter, who slipped and fell in a hotel bathtub in preparation for her return to her place of employment in New York City. Both employees sent by their employers on a business trip were removed from their normal environments, thereby increasing the risk of injury; and, as a result, were injured while engaged in “personal acts” attendant to their employment, although not participating in the actual duties of their employment.
Moreover, it is difficult to reconcile these cases denying compensation with those in which awards have been made to employees who are injured while dressing or bathing on their employer’s premises, an environment with which they are presumably familiar, and as a result less likely to be injured. For example, in Matter of Behan v County of Onondaga (26 AD2d 609, mot for lv to app den 18 NY2d 579), claimant, who resided on her employer’s premises and was injured when she slipped and fell in a bathroom located on the premises, was awarded compensation (see, also, Matter of Martin v Plaut, 293 NY 627 [claimant, a domestic worker who resided in her employer’s home, was compensated for injuries when she fell while dressing]; Matter of Marco v News Syndicate Co., 257 App Div 887 [claimant injured while bathing on employer’s premises was awarded compensation]).
We see no reason to continue to make a distinction in those cases in which traveling employees sustain injuries while bathing or showering. We therefore apply the expanded view of compensation which was accepted by respondent board in assessing whether, in the present matter, the board’s determination that claimant’s injuries arose out of and in the course of her employment is supported by substantial evidence.
In view of the foregoing, a finding of fact made by the Workers’ Compensation Board is considered conclusive in the courts if supported by substantial evidence (Matter of Gates v McBride Transp., 60 AD2d 670). In this matter, the record demonstrates that claimant was required to travel *55 to Toronto on her employer’s business, was directed to remain in Toronto for a specified length of time, and. was injured when she slipped and fell in her hotel bathtub in preparation for her return trip to her place of employment in New York City to “finish typing up depositions”. Thus, inasmuch as claimant was required to work and stay at a place distant from home, placed in a new environment thereby creating a greater risk of injury, and was engaged in a reasonable activity (i.e., showering) attendant to, although not directly related to her employment duties, the Appellate Division should not have disturbed the determination of the board awarding claimant compensation.
Accordingly, the order of the Appellate Division should be reversed and the decision of the Workers’ Compensation Board reinstated.
Chief Judge Cooke and Judges Jasen, Jones, Meyer and Kaye concur; Judge Simons taking no part.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, with costs, and the decision of the Workers’ Compensation Board reinstated.