632 A.2d 947

**LENZNER COACH LINES, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (NYMICK, Sr.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 30, 1993.

Decided Sept. 29, 1993.

584

James A. Mazzotta for petitioner.

John A. Adamczyk for respondents.

Before CRAIG, President Judge, KELLEY, J., and PORTA, Senior Judge.

DELLA PORTA, Senior Judge.

Lenzner Coach Lines (Employer) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's decision granting the claim petition filed by John Nymick, Sr. (Claimant). The issue raised on appeal is whether injuries sustained by Claimant in his hotel room on a layover day arose in the course of his employment pursuant to Section 301(c)(1) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 411(1).

The following relevant facts are undisputed. Claimant was employed by Employer as a bus driver and was the assigned driver of a chartered bus for a three-day trip to Atlantic City, New Jersey from September 19 to September 21, 1990. Claimant picked up passengers in Boardman, Ohio on the early morning of September 19, 1990 and drove to Atlantic City, arriving at approximately 7 or 8 that evening. During the trip, Claimant was required to stay with the passengers at Bally's Park Place Hotel, and Employer paid for his hotel accommodations. The second day of the trip, September 20, 1990, was a layover day before the return trip the next day. Claimant was paid for eight hours on the layover day. Shortly after he woke up on the morning of September 20, 1990, Claimant slipped and fell while stepping into a bathtub in his hotel room to take a shower, sustaining a laceration on his left elbow for which he received eight stitches at the hotel facilities. After the accident, Claimant developed lower back pain, but continued to work until December 7, 1990.

Based upon the uncontradicted testimony of Claimant's treating physician, the referee found that Claimant suffered injuries to his lower back as the result of the fall in the bathtub on September 20, 1990 and was unable to perform his pre-injury job. As to Claimant's routine on the layover day, the referee found that Claimant was on a standby status and could have been called upon to perform tasks requested by Employer; that it was reasonable for Claimant to do the required service and maintenance work on the bus on the layover day to get it ready for the return trip because he

drove for fifteen hours on the first day of the trip; and that he was required to bathe daily to maintain a "presentable appearance."

 Concluding that Claimant sustained injuries in the course of employment and as a result became totally disabled, the referee awarded him total disability benefits from December 8, 1990 to April 1, 1991, and partial disability benefits commencing April 2, 1991, the date he returned to work for another employer with a twenty-five pound lift restriction. On appeal, the Board affirmed the referee's decision, and Employer appealed to this Court.[1]

 Employer contends that Claimant's injuries are not compensable because they did not arise in the course of his employment. In the case of traveling employees, the course of employment is necessarily broad and is to be liberally construed to effectuate the purposes of the Act. *Roman v. Workmen's Compensation Appeal Board (Dep't of Environmental Resources),* 150 Pa.Commonwealth Ct. 628, 616 A.2d 128 (1992). Thus, when a traveling employee is injured after setting out on the employer's business, it is presumed that he or she was furthering the employer's business at the time of the injury. *Investors Diversified Services v. Workmen's Compensation Appeal Board (Howar),* 103 Pa.Commonwealth Ct. 562, 520 A.2d 958 (1987). To rebut this presumption, the employer must prove that the claimant's actions were so foreign to and removed from his usual employment that they constitute an abandonment of that employment. *Roman, supra.* "The question, whether an injury to a worker is sustained in the course of his or her employment, as contemplated by the Act, is one of law." *Peterson v. Workmen's Compensation Appeal Board (PRN Nursing Agency),* 528 Pa. 279, 284, 597 A.2d 1116, 1119 (1991).

1. This Court's scope of review in a workers' compensation case is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America),* 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

■ Employer argues that because Claimant had not performed any duties before his injuries on the layover day, the injuries did not arise in the course of his employment. It is well settled, however, that a required layover period of a traveling employee is not considered a breach in the employment relationship. *Roadway Express, Inc. v. Workmen's Compensation Appeal Board (Seeley),* 110 Pa.Commonwealth Ct. 619, 532 A.2d 1257 (1987), *appeal denied,* 519 Pa. 662, 546 A.2d 623 (1988). Moreover, a traveling employee need not be engaged in the actual performance of work at the moment of an injury to be considered in the course of employment. "It is enough if he is occupying himself consistently with his contract of employment in a manner reasonably incidental thereto." *Port Authority of Allegheny County v. Workmen's Compensation Appeal Board (Stevens),* 70 Pa.Commonwealth Ct. 163, 167, 452 A.2d 902, 904 (1982).[2]

At the hearing, Claimant testified that he was told by the driver who trained him that on the layover days he was required to be available to assist the customers, to perform any duties which might be called upon by Employer and to be presentable at all times to the customers. Employer's vice president also admitted at the deposition that he encouraged the drivers to look presentable to its customers on the layover days.

■ In a workmen's compensation case where the Board takes no evidence, the referee is the ultimate fact-finder and his or her findings of fact, if supported by substantial evidence, must be accepted as true. *Yanios v. Workmen's Compensation Appeal Board (Vulcan Mold & Iron Co.),* 128

---

2. Thus, even an employee's recreational activities during the wait for resumption of actual duties do not break the employment relationship. *Roadway Express. See also Schreckengost v. Workmen's Compensation Appeal Board,* 43 Pa.Commonwealth Ct. 587, 403 A.2d 165 (1979) (the truck driver's injury sustained during the robbery on his way back to his truck where he intended to sleep waiting for resumption of his duties the next morning arose in the course of employment); *Aluminum Co. of America v. Workmen's Compensation Appeal Board,* 33 Pa.Commonwealth Ct. 33, 380 A.2d 941 (1977) (the employee who was murdered on his way back to the motel after the dinner on a business trip was in the course of employment).

Pa.Commonwealth Ct. 231, 563 A.2d 232 (1989). Based upon all the evidence, the referee found that Claimant was on a standby status on the layover day to perform the duties of his employment and intended to do the required work to get the bus ready for the return trip and that Claimant's presence at the hotel was therefore required for the performance of his duties. Hence, the referee's findings are supported by substantial evidence to conclude that Claimant's actions at the time of his injuries furthered the business of Employer and that he occupied himself consistently with his terms of employment in a manner reasonably incidental thereto. *Port Authority, supra.*

Nonetheless, Employer argues that to award benefits under the facts in this case would be tantamount to finding a traveling employee in the scope of employment for twenty-four hours a day during the layover period. To support its argument, Employer relies on *Capitol International Airways, Inc. v. Workmen's Compensation Appeal Board,* 58 Pa.Commonwealth Ct. 551, 428 A.2d 295 (1981), which involved the claimant who died in pursuing his personal interests during the three-day layover period when he fell from the hotel which was not the place of his lodging provided by the employer. Noting that the claimant was not required to perform any duties during the layover period, this Court concluded that the claimant was not furthering the business of his employer at the time of his injury in a manner consistent with his contract of employment and reasonably related thereto.

Unlike the claimant in *Capitol International,* Claimant herein was injured at the hotel where he was required to stay, was on a standby status to perform the called-upon duties, and intended to perform the required duties on the layover day. Therefore, the facts in this matter are distinguishable from those presented in *Capitol International,* and Employer's reliance upon that case is misplaced.

Since Employer failed to rebut the presumption that Claimant was furthering its business at the time of his injuries, and the referee's findings of fact are supported by substantial evidence and support the conclusion that Claimant's injury

arose in the course of employment, the order of the Board is affirmed.

## ORDER

AND NOW, this 29th day of September, 1993, the order of the Workmen's Compensation Appeal Board dated February 9, 1993 is hereby affirmed.