**Michael KEITER, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (AVONDALE BOROUGH), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 23, 1994.

Decided Feb. 7, 1995.

Reargument Denied March 21, 1995.

---

Jamie W. Goncharoff, for petitioner.

Sue Ellen Albert, for respondent.

Before COLINS, President Judge, and NEWMAN, J., and SILVESTRI, Senior Judge.

COLINS, President Judge.

Michael Keiter (Keiter) petitions for review of an order of the Workmen's Compensation Appeal Board (Board), which reversed an order of a worker's compensation referee (referee) that granted Keiter benefits under the Workers' Compensation Act (Act).[1] For the reasons set forth herein, we reverse.

Keiter, a member of the Avondale Borough Fire and Ambulance Companies, was injured just after midnight on January 1, 1990, while on call for the Dial-A-Ride Program (program).[2] Keiter received his injuries when he was thrown from the back of his pickup truck during his lunch break. Keiter sustained multiple injuries, including a broken back, broken right leg, and broken left ankle.

Keiter filed a claim petition on August 10, 1990. After a series of hearings at which both parties were represented by counsel and presented evidence, the referee issued findings of fact and conclusions of law. The referee concluded that Keiter's injuries were sustained in the scope of his employment as a volunteer fireman and emergency medical technician for Avondale Borough (employer) and that timely notice was given to employer.

Employer appealed to the Board, arguing (1) that the referee's findings of fact were not supported by substantial evidence and that the referee committed an error of law in concluding that Keiter was engaged in activities furthering the affairs of his employer at the time of his injury, and (2) that Keiter's notice was not effective until April 27, 1990. The Board reversed the referee and determined that no compensation was due because the evidence of record did not support the referee's conclusion that Keiter's voluntary separation from his duties in order to take a lunch break left him within the course and scope of his employment; no decision was

rendered on the issue of notice. This petition for review followed.

Keiter raises two issues for this Court's consideration. Keiter questions: (1) whether the Board erred in reversing the referee's conclusion that the petitioner sustained his injuries within the course and scope of his employment; and (2) whether the referee's finding that Keiter gave employer notice of his injuries fifteen days after sustaining his injuries is supported by substantial evidence. Employer, in response, argues that the referee's conclusions regarding course and scope of employment were not supported by the evidence of record, and that the referee's finding of notice should be reversed as that finding is not supported by substantial evidence.[3]

This Court's scope of review in appeals from administrative agencies, as dictated by Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704, is limited to determining whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. "Whether an employee is in the course of his employment at the time of his injury is a question of law which must be based on the findings of fact." *Roman v. Workmen's Compensation Appeal Board (Department of Environmental Resources)*, 150 Pa.Commonwealth Ct. 628, 632, 616 A.2d 128, 130 (1992). In reviewing a referee's findings of fact, we must always be mindful that it is solely within the referee's discretion to find facts and, if these facts are grounded in substantial evidence, neither the Board nor this Court may disturb them. *Hess Brothers v. Workmen's Compensation Appeal Board (Gornick)*, 128 Pa.Commonwealth Ct. 240, 563 A.2d 236 (1989). Substantial evidence is "such relevant evidence which a reasonable mind might accept as adequate to support a finding." *York Terrace/Beverly Enterprises v. Work-*

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4.

2. The purpose of the program, sponsored by the Southern Chester County Medical Center, was to have local fire and ambulance company personnel on call New Year's Eve and Day to transport

party-goers and inebriated individuals home safely.

3. While this issue was not addressed by the Board in its opinion, it was in fact raised as an issue by employer. Accordingly, it is properly before this Court.

*men's Compensation Appeal Board (Lucas)*, 140 Pa.Commonwealth Ct. 75, 79 n. 5, 591 A.2d 762, 764 n. 5 (1991). The test of substantiality will fail only when it is clear that the evidence contested is so inadequate and contradictory that administrative findings based upon it become mere conjecture. *Yockey v. Workmen's Compensation Appeal Board (Pacemaker Driver Service)*, 79 Pa.Commonwealth Ct. 250, 468 A.2d 1199 (1983). The referee, as fact finder, has exclusive power over questions of credibility and evidentiary weight and thus may accept or reject the testimony of any witness, in whole or in part. *Mardee Sportswear v. Workmen's Compensation Appeal Board (Franglo, Inc.)*, 98 Pa.Commonwealth Ct. 327, 511 A.2d 905 (1986).

Since our legal conclusion must be based on the referee's findings, a recitation of the referee's findings of fact is mandated:

4. Claimant testified on his own behalf that on 12/31/89, he was a member of the Avondale Borough Fire and Ambulance Companies as a volunteer firefighter and EMT.

. . . .

6. On 12/31/89 and 1/1/90, the Avondale Fire and Ambulance Companies participated in the Dial–A–Ride Program sponsored by the Southern Chester County Medical Center whereby local fire and ambulance company personnel would be on call New Year's Eve and New Year's Day to take party goers and inebriated individuals home safely.

7. Claimant volunteered for duty with the Dial–A–Ride Program and began his duty at the firehouse at 11:00 p.m. on 12/31/89. Claimant's shift was scheduled to last until 6:00 a.m. on 1/1/90.

8. At midnight, 12/31/89, Claimant and another crew member drove in Claimant's father's pickup truck to Perkins Restaurant, located approximately one mile from the firehouse, so that they could eat lunch.

9. Claimant was required to use his own vehicle since the ambulance and fire company vehicles were not authorized to be used, except for emergencies or for the Dial–A–Ride transports.

10. While on lunch break, Claimant carried with him a portable two-way radio and a pager since he was on-call for the Dial–A–Ride Program.

11. Shortly after he arrived at Perkins Restaurant, Claimant met Pax Spruntz, a volunteer fireman with West Grove Fire Company who also worked at Perkins Restaurant.

12. Mr. Spruntz asked Claimant to drive him to Penn Supreme convenience store, located approximately ¼ to ½ mile from Perkins Restaurant, in order for Mr. Spruntz to look for his lost pager that he thought he left in the convenience store.

13. Claimant intended to immediately return to the restaurant to eat his lunch after he finished helping Mr. Spruntz locate the pager at the convenience store.

14. Claimant took his portable radio and pager with him to the convenience store.

. . . .

16. After waiting for about five minutes, Claimant got out of the truck with the engine still running and went to the doorway of the store to show the storekeeper what a pager looked like in an effort to assist Mr. Spruntz in finding his pager.

17. When Claimant turned around to return to his truck, he saw the truck being backed out of the parking space.

18. Claimant jumped into the back of the truck hoping that the driver would stop the truck.

19. Instead of stopping, the driver drove away at a high rate of speed and shortly thereafter, crashed into a traffic light post.

20. Upon impact, Claimant was thrown out of the back of the truck approximately 75 to 100 feet and knocked unconscious.

. . . .

28. The Referee finds Claimant's testimony to be true and credible and accepts such as fact.

29. Claimant offered testimony from James Scott, the Avondale Ambulance captain as of 12/31/89, and from Claimant's

father, Alvin Keiter, Jr., the Avondale Fire Chief.

30. Mr. Scott was the contact person for the Dial–A–Ride Program and authorized Claimant to be on duty at the firehouse.

31. Mr. Scott authorized Claimant and other Dial–A–Ride crew members to leave the firehouse for lunch during their shift provided that they took communication equipment with them and remained geographically within a six minute response time back to the firehouse.

. . . .

34. Chief Alvin Keiter, Jr. approved the Dial–A–Ride Program and authorized Claimant's activities on 12/31/89 and 1/1/90.

35. The referee finds the testimony of James Scott and Alvin Keiter, Jr. to be credible and accepts such as fact.

After a thorough review of the record, we conclude that these findings are supported by substantial evidence. Further, the basis of these findings is in the testimony of petitioner, Alvin Keiter, Jr., and James F. Scott. The referee, who is the ultimate fact finder and judge of credibility, determined these witnesses and their testimonies to be credible, and we are foreclosed from questioning that determination. Accordingly, we are bound to accept the above as fact.

■ Employer, in its brief, argues preliminarily that the Board did not err in reversing the referee's decision entitling Keiter to benefits because, as a participant in the Dial–A–Ride program, Keiter was not an employee of Avondale Borough. According to section 601 of the Act,

(a) In addition to those persons included within the definition of the word 'employe' as defined in section 104, 'employe' shall include:

(1) members of volunteer fire departments or fire companies . . . while performing *any other duties of such fire company or fire department as authorized by the municipality* . . . .

. . . .

(2) all members of volunteer ambulance corps of the various municipalities who

shall be and are hereby declared to be employes of such municipality . . . *while participating in ambulance corps of which they are members; . . . or while performing any other duties of such ambulance corps as are authorized by the municipality; . . . .*

77 P.S. § 1031 (emphasis added). An ordinance enacted by the Borough of Avondale states that for purposes of workers' compensation coverage an activity authorized by the municipality "shall be any activity which is approved by the Avondale Fire Department Chief."

In this case, the record shows that the Fire Company's participation was approved by the Avondale Fire Chief, Alvin Keiter, Jr., and that the Volunteer Ambulance Company's participation was approved by Captain James F. Scott. While the ordinance does not address the effect of approval given by the Captain of the Ambulance Corps, resolution of that issue does not control the outcome of this case because Keiter was a member of both the fire and ambulance companies. Accordingly, an approval to participate in the program given by the Fire Chief effectively served as an approval for participation by Keiter. Therefore, if Keiter's injuries occurred while participating in the program, he would be eligible for benefits under the Act.

■ To be considered as having suffered an injury arising in the course of employment, an employee must either be injured while actually engaged in furtherance of the employer's business or affairs, or be injured on the premises of the employer even though not actually engaged in the furtherance of the employer's business or affairs, but only if the nature of his or her employment requires the employee's presence. *Hemmler v. Workmen's Compensation Appeal Board (Clarks Summit State Hospital)*, 131 Pa.Commonwealth Ct. 24, 569 A.2d 395 (1990). The resolution of this case will hinge on the former. This Court has consistently recognized that "[t]he phrase 'actually engaged in the furtherance of the business or affairs of the employer,' which is usually expressed as 'in

the course of employment,' is to be given a liberal construction." *Id.* at 28, 569 A.2d at 397 (citations omitted).

■ In the instant matter, the record reflects that (1) the program itself was approved by the Fire Chief; (2) Keiter's participation in the program was approved by the Fire Chief; (3) Keiter's lunch break was approved by his commanding officer, so long as he took the radio and pager and remained within a six-minute response area from the firehouse; and (4) Keiter remained within one and one-half miles of the firehouse and had his pager and radio with him.

In keeping with the policy of liberal construction given to the term "course of employment," we conclude that these are sufficient to support the conclusion that Keiter was injured within the course of his employment. Therefore, we conclude that the Board erred as a matter of law in reversing the referee's award of benefits on the basis that Keiter was on a lunch break at the time of his injuries and thus outside the course of his employment.

■ The last issue raised is that of notice. Section 311 of the Act provides in pertinent part

> Unless the *employer shall have knowledge of the occurrence of injury,* or unless the employe or someone in his behalf, or some of the dependents or someone in their behalf, shall give notice thereof to the employer *within twenty one days after the injury, no compensation shall be due until such notice be given....*

77 P.S. § 631 (emphasis added). Employer argues that Keiter did not furnish it with notice of his injuries until April 27, 1990, some 117 days after the incident, and that consequently, benefits should begin only as of that date. Keiter argues that employer had constructive notice of the injury on the day it occurred because the Avondale Ambulance Company received and responded to the call regarding the accident and witnessed firsthand Keiter's injuries. Keiter further argues that employer had notice approximately fifteen days after the accident when he and Captain Scott of the Ambulance Company had a discussion during which the Captain informed him he was on duty the night of the accident.

"Whether notice has been given is a question of fact." *Katz v. Evening Bulletin,* 485 Pa. 536, 539, 403 A.2d 518, 519 (1979). As mentioned above, the referee is the ultimate finder of fact and judge of credibility, and if these facts are supported by substantial evidence, this Court may not disturb them.

In this case, the referee found that Keiter gave notice to employer in the conversation with Captain Scott fifteen days after the accident. This fact was based upon testimony that the referee found credible. Accordingly, we must conclude that the finding of timely notice is supported by substantial evidence. Therefore, we are constrained to affirm the referee's finding of the date of notice.

Therefore, the Board committed an error of law in reversing the referee's determination on the basis that Keiter's lunch break removed him from the course of his employment with Avondale Borough. Accordingly, the order of the Board is reversed.

SILVESTRI, Senior Judge, dissents.

### *ORDER*

AND NOW, this 7th day of February, 1995, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is reversed.