738 A.2d 331

Patricia **MULREADY**

v.

**UNIVERSITY RESEARCH CORPORATION et al.**

No. 6119, Sept. Term, 1998.

Court of Special Appeals of Maryland.

Oct. 1, 1999.

John Noble (Alexander J. Crow and Noble and Crow, P.A., on the brief), Rockville, for appellant.

John T. Beamer, II (Law Offices of Timothy P. McGough, on the brief), Baltimore, for appellees.

Argued before WENNER, EYLER and JAMES S. GETTY (Ret., specially assigned), JJ.

EYLER, Judge.

Patricia Mulready, claimant and appellant, appeals from the grant of summary judgment in a workers' compensation action by the Circuit Court for Montgomery County in favor of University Research Corporation and Hartford Underwriters Insurance Company, employer and insurer, appellees. The parties have proceeded on an Agreed Statement of Facts as follows:

> On May 31, 1995, the Appellant was attending a seminar in Canada on behalf of the Appellee, University Research Corporation. On that date at about 9:00 a.m., she stepped

in a bathtub at the hotel in which she was staying, and slipped and sustained injuries.

The Appellant was a dissemination coordinator, and worked long hours at the seminar in this position. The hotel was selected by the Employer, and she was directed by the Employer to be at that particular hotel.

On May 31, 1995, there was a meeting at 10:00 a.m. to be attended by a number of people in close quarters in a conference room. The Appellant was to take an active part in the meeting. She got up early that morning, and was working on her preparation for the meeting. At 9:00 a.m. in order to be presentable, she went to take a shower, and slipped in the bathtub.

At her home in Silver Spring, Maryland there is a bath mat to prevent slippage, a ceramic soap dish in the wall and a ceramic towel rack to grab onto. The bathtub which she stepped into in this hotel was slippery and did not have the ceramic soap dish and ceramic towel rack or other items she could grab onto, nor did it have a bath mat or sandy strips to prevent slippage.

The Workers' Compensation Commission in an Order of April 30, 1998, found the Claimant sustained an accidental injury arising out of the course of her employment. That decision was appealed to the Circuit Court for Montgomery County, Civil 186313 by the Appellees, and both parties moved for a summary judgment.

After argument, the Circuit Court for Montgomery County, The Honorable Durke Thompson, in an Order dated November 25, 1998, granted the Motion by the Appellees for Summary Judgment and denied the Appellant's Motion for Summary Judgment.

### Question Presented

Whether the lower court erred in granting Summary Judgment in favor of the Appellees and denying Summary Judgment in favor of the employee on stipulated undisputed facts, thereby denying compensability for injuries sustained

by the employee on the premises of the hotel while on business for her employer.

## Discussion

An employee is entitled to compensation as the result of an accidental injury that arises out of and in the course of employment. See Md.Code, Labor & Employment §§ 9–501(a)(1) & 9–101(b)(1) (1991 Repl.Vol.) Both parties recognize and discuss this Court's prior decision in *Klein v. Terra Chemicals Int'l,* 14 Md.App. 172, 286 A.2d 568 (1972), particularly with respect to whether the claim in this case meets that test. Although appellant distinguishes *Klein* and relies on cases from other jurisdictions, appellee relies on *Klein* as controlling. We agree with appellee.

In the *Klein* case, Klein was engaged by Terra Chemicals as a consultant, and in that capacity he was expected to attend conferences and conventions. He was provided with an expense account for that purpose. On November 5, 1969, Klein registered at the Mayflower Hotel in Washington, D.C., with the express agreement of Terra Chemicals, so that he could attend a convention of representatives of the fertilizer industry. On the evening of November 5, Klein, along with representatives of other entities, went to a public restaurant to have dinner. During the course of the meal, Klein stopped eating "and sat immobilized at the table." He was taken to the hospital, where a piece of meat was removed from the back of his throat. The cause of death was described as "cardio respiratory arrest, secondary to airway obstruction."

This Court, in upholding the lower court's decision that the incident was not compensable as a matter of law, acknowledged that the incident occurred "in the course of" Klein's employment. This Court pointed out, however, that in order for an accidental injury to be compensable, it must also "arise out of" the employment. Because we deem *Klein* controlling, we set out the analysis in that case at some length. Then Chief Judge Murphy explained:

There must be a causal connection between the conditions under which the work is required to be performed and the ensuing injury. Thus, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises out of the employment. However, it does not include an injury which can not be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workman would have been exposed away from the employment. In other words, the causative danger must be peculiar to the work and not common to the neighborhood; it must be incidental to the character of the business and not independent of the relation of master and servant. *Consol. Engineering Co. v. Feikin,* 188 Md. 420 [52 A.2d 913 (1947)]; *Schemmel v. Gatch and Sons Etc. Co.,* 164 Md. 671 [166 A. 39 (1933)]. If there is evidence that the work causes the act or event resulting in injury, it is immaterial that the same event might occur from any other cause or at any other place; if, however, the causal connection between the injury and the employment is not apparent, then unusual or extraordinary conditions of the employment, constituting a risk peculiar to the work, may establish the causal connection between the work and the injury. *Scherr v. Miller,* 229 Md. 538, 543 [184 A.2d 916 (1962)], citing *Perdue v. Brittingham,* [186 Md. 393, 47 A.2d 491 (1946)].

That Klein choked on a piece of meat at a public restaurant while in the course of his employment with Terra Chemicals was not, in our opinion, the result of any obligation, condition, or incident of his employment; it did not occur because of any business activity attributable to his work. Klein's accident did not follow as a natural incident of his work; it was not, within reasonable contemplation, the result of any special exposure occasioned by the nature of his employment. Nor could it be traced to his employment as a contributing proximate cause; it did not flow from a hazard peculiar to his work, or incidental to the character of

his employment. The risk he encountered in the public restaurant of choking on a piece of meat was no greater or different in degree because of his employment than the risk experienced by all persons engaged in the process of eating a meal, whether in a restaurant or at home. There is no evidence in the record to show that Klein's injury was caused by any unusual or extraordinary condition of his employment. There was no evidence in this case to support an inference that exigent work-related circumstances caused Klein to choke on his food. In short, there was nothing in Klein's work, or in the conditions under which it was required to be performed, that caused his injury.

*Klein,* 14 Md.App. at 175–177, 286 A.2d 568.

Applying the analysis in *Klein* to the facts of the case before us, we conclude that there was no unusual or extraordinary condition of appellant's employment that caused her to bathe or to expose herself to the hazards of bathing differently than most people concerned about their appearance and hygiene. At most, the employment affected only the timing and the location of the bathing.

Appellant argues that what happened to her is akin to a traveling salesman injured in a car accident, a circumstance which has been held compensable, citing *Ackerhalt v. Hanline Bros.,* 253 Md. 13, 252 A.2d 1 (1969). As this Court pointed out in *Klein,* the likely rationale of *Ackerhalt* and similar cases is that

such employees, because of the nature of their work, are overexposed or exposed to a peculiar and abnormal degree to traffic hazards distinct from and beyond that to which the general public is exposed; and, hence, injuries sustained in the course of employment in such circumstances arise out of employment.

*Klein,* 14 Md.App. at 178, 286 A.2d 568. That rationale does not apply in this case, as there is no indication that the nature of appellant's work caused her to bathe an abnormal number of times or otherwise be abnormally exposed to the hazards of bathing.

Finally, appellant relies on four cases from other jurisdictions. *Lenzner Coach Lines v. Workmen's Compensation Appeal Board,* 158 Pa.Cmwlth. 582, 632 A.2d 947 (1993); *Amalgamated Ass'n of St., Elec., Ry. & Motor Coach Emp. of America v. Adler,* 340 F.2d 799 (D.C.Cir.1964); *Capizzi v. Southern District Reporters, Inc.,* 61 N.Y.2d 50, 471 N.Y.S.2d 554, 459 N.E.2d 847 (1984); *Aetna Cas. & Sur. Co. v. Orgon,* 721 S.W.2d 572 (Tex.App.Austin 1986). The first three cases involved worker's compensation claims as a result of injuries sustained when the claimant slipped and fell in a bathtub in a hotel while on a trip in the course of employment. The courts in those decisions, in essence, treated the concept of "arising out of" essentially the same as the concept of "in the course of." The courts required only that, in the course of work, the claimant was brought within range of the particular peril. As discussed in *Klein,* in our view, that is not the law of Maryland.

**JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.**