**David SEKULSKI, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (INDY ASSOCIATES), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 28, 2003.

Decided June 18, 2003.

Reargument En Banc Denied July 31, 2003.

Richard L. Orloski, Allentown, for petitioner.

Paul C. Cipriano, Jr., Philadelphia, for respondent.

BEFORE: COLINS, President Judge, and LEADBETTER, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge LEADBETTER.

Claimant David Sekulski appeals from the order of the Workers' Compensation Appeal Board (Board), which affirmed the denial of his claim petition on the basis that claimant's injury did not occur within the course and scope of his employment. The issue presented for review is whether claimant's injury, which occurred when he was attacked by unknown assailants while walking home from a bowling alley while "on call," occurred during the course and scope of his employment such that he is entitled to benefits under Section 301(c) of the Workers' Compensation Act (Act),[1] *as amended,* 77 P.S. § 411(1). We affirm.

The facts are undisputed. Claimant worked as a maintenance man for Indy Associates, the owner of an apartment building. Every other week, claimant was required to be "on call", which required only that he carry a beeper with him and remain within 15 minutes of the property so that he could promptly respond to any page. On December 15, 1998, claimant was beaten and robbed while walking home[2] from a bar in a bowling alley. Claimant was "on call" at the time of the attack. Due to the attack, claimant could not remember if he had been paged while at the bowling alley or was responding to a page at the time of his attack. Claimant noted that if he was paged, the employer's answering service would page him because the tenants did not have his page number. Claimant also noted that employer did not have any rules prohibiting drinking while "on call".

According to employer's property manager, Henrietta Hyman, none of the tenants notified her that their call had not been responded to on the night of December 4, or the early morning hours December 5. Hyman also testified that the answering service did not indicate that claimant failed to answer a page during the time period in question. Finally, employer's other maintenance man testified that he did not know claimant's page number and did not page claimant on December 4th or 5th. The Workers' Compensation Judge (WCJ) denied claimant's petition, concluding that claimant was not furthering employer's affairs at the time he was injured. The Board affirmed and this appeal followed.

An injury is compensable under Section 301(c)(1) of the Act (defining "injury," "personal injury," and "injury arising in the course of employment") if it arises in the course of the claimant's employment and is related thereto. *U.S. Airways v. Workers' Comp. Appeal Bd. (Dixon),* 764 A.2d 635, 640 (Pa.Cmwlth.2000), *alloc. denied,* 567 Pa. 753, 788 A.2d 382 (2001). An injury will be considered to be sustained in the "course of employment" in the following circumstances:

(1) where the employee is injured on or off the employer's premises, while actually engaged in the furtherance of the employer's business or affairs; or (2) where the employee, although not actually engaged in the furtherance of the employer's business or affairs, (a) is on the premises occupied or under the control of the employer, or upon which the employer's business or affairs are being carried on, (b) is required by the nature of his employment to be present on the employer's premises, and (c) sustains in-

---

1.  Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §§ 1–1041.4, 2502–2626.

2.  Claimant lived in one of the apartments in employer's building.

juries caused by the condition of the premises or by operation of the employer's business or affairs thereon.

*Id. Accord Weaver v. Workmen's Comp. Appeal Bd. (Ribstone Silos of Pa.),* 90 Pa.Cmwlth.262, 494 A.2d 882, 884 (1985). The present case falls within the ambit of subsection (1) quoted above. In determining whether the claimant was actually engaged in the furtherance of the employer's business or affairs, the nature of the employment and the conduct must be considered. *U.S. Airways,* 764 A.2d at 640. The phrase "actually engaged in the furtherance of the business or affairs of the employer," which is also expressed as "in the course of employment," is given a liberal construction. *Keiter v. Workmen's Comp. Appeal Bd. (Avondale Borough),* 654 A.2d 629, 633–34 (Pa.Cmwlth.1995). The issue of whether the claimant was in the course of his employment when injured is a question of law subject to this court's plenary review. *U.S. Airways,* 764 A.2d at 641.

On appeal, claimant argues that the Board and WCJ erred as a matter of law in denying his claim petition because claimant was furthering the affairs of his employer simply by being "on call", carrying a pager and remaining within fifteen minutes of the building in case his assistance was required. In support of this argument, claimant relies primarily on *Keiter v. Workmen's Comp. Appeal Board (Avondale Borough),* 654 A.2d 629 (Pa. Cmwlth.1995), as well as *Evans v. Workmen's Comp. Appeal Board (Hotwork, Inc.),* 664 A.2d 216 (Pa.Cmwlth.1995), and *Lenzner Coach Lines v. Workmen's Comp. Appeal Board (Nymick),* 158 Pa.Cmwlth. 582, 632 A.2d 947 (1993). Our review of these cases reveals that they are inappo-

site and do not stand for the proposition that an employee who is injured during a non-work-related activity while "on call" and carrying a pager is furthering the business or affairs of his employer at the time of the injury and entitled to benefits for any disability resulting therefrom.

In *Keiter,* the claimant, a volunteer fireman, was injured during a lunch break. At the time of the injury he was participating in a program offered by the borough fire department whereby local firemen were "on call" New Year's Eve and Day to provide party goers and inebriated persons a safe ride home. The claimant reported to the firehouse for duty at 11:00 p.m. on December 31st and took his lunch break at 12:00 midnight. The claimant was authorized to take lunch providing that he took communication equipment with him and remained within a 6 minute response time of the firehouse. The claimant took his pager and two-way radio with him to a local restaurant. At the restaurant, claimant met another fireman who asked the claimant to drive him to a nearby convenience store where he believed he left his pager. The claimant complied, intending to then return to the restaurant to eat before returning to the firehouse. While at the convenience store, someone tried to steal the claimant's truck and claimant sustained injuries while attempting to prevent the theft. Since the claimant's commanding officer had approved the lunch break and the claimant kept his communication equipment with him and remained within close proximity to the firehouse while on break, this court held that claimant was in the course of employment when he sustained his injuries.[3]

---

**3.** The general rule is that an employee is considered off duty while on lunch break and injuries that occur off employer's premises during the lunch break are not sustained within the course of employment. *Camiolo v. Workers' Comp. Appeal Bd. (American Bank Notes),* 722 A.2d 1173, 1174–75 (Pa.Cmwlth. 1999).

We agree with employer that *Keiter* is distinguishable in several important respects and cannot be given the broad construction advocated by claimant. In *Keiter*, the claimant's injuries occurred during his work shift as he was at work immediately before the accident and intended to return to work after the meal break. In addition, the claimant's supervisor approved the meal break as long as the claimant complied with certain restrictions so that he could respond if needed. Thus, it was reasonable to conclude in *Keiter* that the claimant was in the course of his employment when the injury occurred. Unlike *Keiter*, claimant's injury did not occur during a work shift and employer did not direct, authorize or approve of claimant's non-work-related activities while "on call".

The other cases relied upon claimant are equally distinguishable. Both *Evans* and *Lenzner* involve traveling employees who were injured away from home while on business but while engaged in activities that were not work-related. Specifically, the employee in *Evans* was "on call" near a customer's plant when he drowned while swimming with several co-employees. In *Lenzner*, the employee, a bus driver, was on layover and subject to employer's call to perform tasks if needed when he injured himself in a fall in the bathtub. In both cases this court noted that the course of employment is necessarily broader for traveling employees than for those not engaged in business travel and if the traveling employee is injured after setting out on the employer's business, it is presumed that the employee was furthering the employer's business or affairs at the time of the injury. *Evans*, 664 A.2d at 219; *Lenzner*, 632 A.2d at 949. In order to rebut the presumption, the employer must demonstrate that the employee's actions were so foreign to and removed from his employment as to constitute an abandonment

thereof. *Id.* Thus, in both cases, we concluded that although the employees were not engaged in the actual performance of work at the time of injury, they were not engaged in activities so foreign to their employment that it removed them from the course of their employment. These cases are inapplicable simply because claimant is not a traveling employee. Therefore, claimant's reliance thereon is misplaced as the presumption applicable to traveling employees is not applicable here.

We also find *City of Philadelphia v. Workers' Comp. Appeal Board (Stewart)*, 728 A.2d 431 (Pa.Cmwlth.1999) instructive in determining whether claimant was in the course of his employment at the time of injury. There, the claimant, an electrician, was "on call" for employer, when an employee from work called him to discuss an electrical problem. According to the claimant, when he was "on call," he was responsible for responding to all electrical emergencies at work. Moreover, while "on call", he was paid from 8:00 a.m. to 12:00 p.m. and employer would contact him via a beeper or by phone if he was at home. The claimant subsequently called the employee back to see if his suggestions had resolved the problem. When the claimant learned that his suggestions had not worked, he was under the mistaken belief that he had been asked to come to work. On the way to work, the claimant was involved in an automobile accident, which caused disability.

Notably, in determining whether the claimant was in the course of his employment at the time of the injury, this court did not automatically conclude that claimant's "on call" status rendered the injury compensable. Rather, we considered the principles applicable to employees injured on the way to or from work (the coming and going rule) and concluded that the claimant's "on call" status and communica-

tions with work brought him within the "special assignment" exception to the rule that employees injured traveling to work are not within the course of employment. Therefore, we concluded that the claimant was furthering the interests of his employer at the time of his accident. *See also Township of Salem v. Workmen's Comp. Appeal Bd. (Leshow),* 62 Pa.Cmwlth.626, 437 A.2d 496 (1981) (holding that evidence that township roadmaster, who was "on call" 24 hours a day and who had a fatal car accident shortly after the end of his usual work schedule on a road within his area of responsibility, during weather conditions which would require him to monitor road maintenance, supported conclusion that roadmaster was within the course of his employment at time of injury).

■ The cases relied upon by claimant, as well as our own research, do not support the proposition that an employee is in the course of employment if he sustains an injury while he is "on call" and reachable by employer but engaged in non-work-related activities off of the employer's premises. Rather, our research supports the conclusion that an "on call", non-traveling employee such as claimant, limited to carrying a pager and remaining in the area in order to respond timely to work communications, is not considered to have sustained an injury in the course of employment unless he is actively engaged in work-related activities at the time of injury. To hold otherwise would impose liability on an employer for the safety of its employees 24 hours a day regardless of whether the employee is actually furthering its business or affairs when injured.

Accordingly, we conclude that the Board and WCJ did not err in denying claimant's claim petition. The order of the Board is affirmed.

## ORDER

AND NOW, this 18th day of June, 2003, the order of the Workers' Compensation Appeal Board in the above captioned matter is hereby AFFIRMED.